Mohammad Asad SANGABI, Petitioner,

v.

U.S. IMMIGRATION AND NATURALI-
ZATION SERVICE, Respondent.

No. 83–7895.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1984.

Decided June 13, 1985.

Bill Ong Hing, Eugene Chow, San Fran-
cisco, Cal., for petitioner.

Stewart Deutsch, Washington, D.C., for
respondent.

Before MERRILL, KENNEDY, and AN-
DERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Mohammad Asad Sangabi petitions for
review of the Board of Immigration Ap-
peals' (BIA) denial of his motion to reopen
his deportation proceeding to allow applica-
tion for asylum, withholding of deportation,
adjustment of status, or for suspension of
deportation under 8 C.F.R. §§ 208.11 and
242.22. We deny the petition.

I. OVERVIEW

Petitioner, a native and citizen of Iran,
entered the United States in 1975 as a
nonimmigrant student. In 1979, deporta-
tion proceedings were instituted against
him because of unauthorized employment.
Although determined deportable, Sangabi
was granted an extended period of volun-
tary departure, until June 30, 1980, in
which to marry his girlfriend, an American
citizen, and apply for adjustment of status.

Although Sangabi married and timely
filed his motion to reopen, the marriage

was annulled and he was subsequently ordered to surrender for deportation. This he did not do.

On July 23, 1983, after avoiding the authorities for almost three years, Sangabi surfaced and voluntarily surrendered to the INS and moved to reopen. The motion was based on certain equities—a continuous presence for seven years and a citizen wife—which arose while Sangabi was a fugitive. The immigration judge, weighing the equities, denied Sangabi's petition. That denial was upheld by the BIA. Sangabi appeals.

## II. DISCUSSION

The denial of a motion to reopen is reviewed under the abuse of discretion standard. *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985). The BIA's denial will be upheld unless it is arbitrary, irrational, or contrary to law. *Ramon-Sepulveda v. INS*, 743 F.2d 1307, 1309 (9th Cir.1984).

> Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing....

8 C.F.R. § 3.2 (1984); *accord* 8 C.F.R. § 242.22 (1984). These regulations, framed in the negative, "establish[ ] when the BIA may *not* reopen, but say[ ] nothing about when it *must* reopen." *Ahwazi*, 751 F.2d at 1122 (emphasis in original); *see also INS v. Jong Ha Wang*, 450 U.S. 139, 144 n. 5, 101 S.Ct. 1027, 1031 n. 5, 67 L.Ed.2d 123 (1981) (per curiam). Thus, the question of whether to grant a motion to reopen is "entirely" within the BIA's discretion and that discretion "extends beyond" requiring proof of a prima facie case. *INS v. Phinpathya*, 464 U.S. 183, 104 S.Ct. 584, 589 n. 6, 78 L.Ed.2d 401 (1984) and *Wang*, 450 U.S. at 143–44 n. 5, 101 S.Ct. at 1030–31 n. 5. The Supreme Court, recently addressing this issue, held that even if the alien presents a prima facie case for reopening, the Attorney General has discretion to deny the motion to reopen. *INS v. Rios-Pineda*, —— U.S. ——, ——, 105 S.Ct. 2098, 2101, 85 L.Ed.2d 452 (1985); *accord, Ahwazi*, 751 F.2d at 1122.

In the instant matter, Sangabi asserted favorable equities for consideration by the immigration judge and the BIA. The difficulty is that such equities, "arising when the alien knows that he is in the country illegally, ... are entitled to less weight than are the equities arising when the alien is legally in this country." *Wang v. INS*, 622 F.2d 1341, 1346 (9th Cir.1980) (en banc), *rev'd on other grounds*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1980) (per curiam); *accord Villena v. INS*, 622 F.2d 1352, 1360 (9th Cir.1980). It would be "untenable to suggest that the Attorney General has no discretion to consider [the aliens'] individual conduct and distinguish among them on the basis of the flagrancy and nature of their violations." *Rios-Pineda*, —— U.S. at ——, 105 S.Ct. at 2103.

Sangabi was not denied due process. Although the asserted facts were assumed to be true, *INS v. Bagamasbad*, 429 U.S. 24, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) (per curiam), the BIA determined that the application would be denied in the exercise of discretion whether or not eligibility was established. This decision was "grounded in legitimate concerns about the administration of the immigration laws and was determined on the basis of the particular conduct of respondent." *Rios-Pineda*, —— U.S. at ——, 105 S.Ct. at 2103. It was, therefore, within the discretion of the BIA and we affirm.

Finally, we deny the petition with respect to the asylum and withholding claims. Regardless of the standard applied, Sangabi's general allegations of potential persecution are insufficient to carry the burden of proving either a well-founded fear of persecution, 8 U.S.C. § 1158(a) and 1101(a)(42)(A), or that persecution is more likely than not, 8 U.S.C. § 1253(h). *Chavez v. INS*, 723 F.2d 1431, 1433 (9th Cir.1984); *Shoaee v. INS*, 704 F.2d 1079, 1084 n. 4 (9th Cir.1983).

### III. CONCLUSION

For the foregoing reasons, the petition for review is

DENIED.