**Mojtaba LARIMI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 84–7263.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1985.

Decided Feb. 14, 1986.

Vickie Lee Steinheimer, Oakland, Cal., for petitioner.

Linda B. Adams, Washington, D.C., for respondent.

Before CHOY, GOODWIN, and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Larimi petitions for review of the decision by the Board of Immigration Appeals (BIA) not to reopen his deportation proceedings so that he may apply for asylum and withholding of deportation. He also requests us to issue a stay of deportation pending consideration of his recent immigrant visa application. We have jurisdiction under 8 U.S.C. § 1105a. We deny the petition for review and deny Larimi's request for a stay.

I

In 1980, an immigration judge (IJ) found Larimi deportable under section 241(a)(2) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1251(a)(2), for remaining in the United States after his nonimmigrant student. visa had expired, and granted him voluntary departure. Larimi expressly declined to apply for asylum or withholding of deportation. He appealed the adverse deportation decision to the BIA, and the BIA dismissed his appeal in 1982. We affirmed in a memorandum disposition, rejecting among other arguments that the BIA had treated Larimi more harshly than pro-Shah Iranians. *Larimi v. INS*, 720 F.2d 683 (1983).

While Larimi's appeal from the BIA was pending in this court, he allegedly became involved with the Bay Area Chapter of the Mojahedin. The Mojahedin helped to overthrow the Shah, but now is on record as opposing the Khomeini regime. Larimi claims that the current Iranian government inflicts punishment for mere membership in the Mojahedin. He asserts that he attended several Mojahedin meetings in this country and participated in its demonstrations here against the Khomeini regime. He believes that his picture was taken during one of these demonstrations by agents of the Khomeini government and alleges that a former member of the local Mojahedin chapter who voluntarily returned to Iran was executed by the government because of his membership. He claims there is considerable evidence that many mem-

bers of the Mojahedin have been executed upon their return to Iran.

In 1984, after losing his appeal from the deportation order, Larimi filed a motion with the BIA to reopen his deportation proceedings in order to apply for asylum and withholding of deportation. The BIA denied the motion, reasoning that Larimi had "failed to make a prima facie case of persecution or a well-founded fear of persecution in Iran." The BIA gave four reasons for this adverse determination: (1) Larimi did not allege that he engaged in any political activities in Iran, but only that he began to oppose the regime two years after being found deportable; (2) he did not allege that he was an officer or well-known member of the Mojahedin, but only that he attended some meetings and demonstrations; (3) his fears that his activities have been reported to the Khomeini regime are speculative; and (4) his claim that Iranian authorities routinely execute and persecute members of the Mojahedin solely because of their membership was insufficiently supported.

## II

Larimi claims that the BIA must reopen his deportation proceeding if he established a prima facie case for asylum or withholding of deportation. He then argues that the BIA erred in holding that he failed to make out a prima facie case for either form of relief.

Our responsibility in reviewing motions to reopen has not been free of doubt. *See Saldana v. INS*, 762 F.2d 824, 829–30 (9th Cir.1985) (Goodwin, J., dissenting). However, the issue of whether the BIA abuses its discretion when it fails to reopen after the establishment of a prima facie case has been authoritatively decided by the Supreme Court.

In a unanimous opinion involving a motion to reopen for consideration of a suspension of deportation claim, the Court recently held that the BIA has discretion to deny a motion to reopen without regard to whether a petitioner makes out a prima facie case for relief. *INS v. Rios-Pineda*,

—— U.S. ——, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985) (*Rios-Pineda*); see *Maroufi v. INS*, 772 F.2d 597, 600–01 (9th Cir.1985) (*Maroufi*); *Vasquez v. INS*, 767 F.2d 598, 600–01 (9th Cir.1985) (*Vasquez*); *Sangabi v. INS*, 763 F.2d 374, 375 (9th Cir.1985). The Court explained that "Congress did not provide a statutory mechanism for reopening [deportation] proceedings," 105 S.Ct. at 2100, and that the procedure for reopening was provided as a matter of grace through a regulation promulgated under the Act by the Attorney General. *Id.* The regulation governing reopening is stated in the negative, requiring the denial of a motion to reopen unless certain factors are shown. 8 C.F.R. § 3.2 (1985). But we do not have before us the issue of whether the BIA abused its discretion in this case by ruling on the merits that it would deny Larimi's petition to reopen without regard to the elements of the prima facie cases. Here, the BIA did not pass on the merits of Larimi's claim. Rather it restricted its decision to whether he had established a prima facie case. It is this action that we must review for an abuse of discretion. *Maroufi*, 772 F.2d at 599; *Vasquez*, 767 F.2d at 601.

■ The denial of a motion to reopen for failure to make out a prima facie case is always an appropriate exercise of discretion if the determination concerning the prima facie case is correct. A prima facie case is established by submitting evidentiary materials which, if believed, would satisfy the requirements for substantive relief. *See Reyes v. INS*, 673 F.2d 1087, 1089–90 (9th Cir.1982). A prima facie case will not be found if the supporting materials are conclusory. *INS v. Jong Ha Wang*, 450 U.S. 139, 143, 101 S.Ct. 1027, 1030, 67 L.Ed.2d 123 (1981) (per curiam).

■ To make out a prima facie case of statutory eligibility for asylum, a movant must provide supporting evidentiary materials which, if believed, would establish a well-founded fear of persecution. The establishment of a well-founded fear of persecution standard is less difficult than the

standard of proof for withholding of deportation, *Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1283 n. 11 (9th Cir.1984) (*Bolanos*), which requires proof that persecution is more likely than not, *INS v. Stevic*, 467 U.S. 407, 104 S.Ct. 2489, 2498, 81 L.Ed.2d 321 (1984). A well-founded fear has both a subjective and an objective component. *Bolanos*, 767 F.2d at 1283 n. 11. The subjective fear must be genuine and evidence of the threat, from an objective view, must be reasonable. *See Diaz-Escobar v. INS*, 782 F.2d 1488, 1492 (9th Cir. 1986).

■ Larimi's supporting evidentiary materials do not satisfy the objective component of a well-founded fear. Thus, the BIA did not abuse its discretion in denying his motion to reopen. Larimi did not allege that he was an actual member of the Mojahedin. He only alleged what appears to be sympathy for and casual affiliation with the Mojahedin. That such activity would result in persecution if he returned to Iran is only speculation. Even if all his allegations were true, we conclude that Larimi has not met the objective prong of the standard—the threat was not shown to be "objectively reasonable."

Because Larimi failed to make out a prima facie case of statutory eligibility for asylum, he *a fortiori* failed to make out a prima facie case for withholding of deportation, which requires proof of a clear probability of persecution. Thus, the BIA did not abuse its discretion in denying his motion to reopen to apply for this relief.

### III

If we do not grant the petition to review, Larimi requests us to stay further proceedings pending his immigrant visa application. Despite his protests to the contrary, this amounts to a request that we stay deportation pending his application.

■ This court lacks the power to grant such a stay. Section 106 of the Act, 8 U.S.C. § 1105a, grants the court jurisdiction to "review ... all final orders of deportation [entered] ... pursuant to administra-

tive proceedings under section 1252(b) of this title." 8 U.S.C. § 1105a(a). The statute precludes review of any deportation order "by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." 8 U.S.C. § 1105a(c). Except for a stay of deportation during the pendency of a petition for review, 8 U.S.C. § 1105a(a)(3), there is no statutory mechanism for us to grant a stay. The Attorney General's regulations permitting discretionary stays for other reasons, therefore, are a matter of regulatory grace. There is no justification for the courts to create any new rights to a stay as a matter of federal common law. Thus, Larimi's failure to seek the collateral administrative relief of a stay of deportation pursuant to 8 C.F.R. § 243.4 (1985) deprives this court of jurisdiction to grant a stay.

■ Were we to construe generously Larimi's request to be one for a stay of our own mandate in this case, we would still deny such relief. On occasion in deportation cases, we have stayed our mandate for a specific, limited period to allow an alien time to apply for relief to which he might be entitled. *See Roque-Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985) (60 days); *Hurn Bu Roe v. INS*, 771 F.2d 1328, 1335 (9th Cir.1985) (45 days); *Shahla v. INS*, 749 F.2d 561, 564 (9th Cir.1984) (45 days). None of these cases even hinted that the petitioner had any right to the brief stays we granted. Larimi asks for a much more extensive stay, not just to apply for relief, but to wait until there has been a final adjudication of his visa application. We reject this suggestion for an indefinite stay of our mandate. We cannot allow the statutory scheme, which allows only the Attorney General to issue discretionary stays of deportation, to be frustrated in practice by issuing indefinite stays of our mandate. Larimi does not assert that a stay of our mandate is necessary for him to apply for a visa. This is not, then, one of those unusual cases where we might choose to stay

our mandate briefly to allow a litigant to apply for further relief.

PETITION TO REVIEW DENIED; STAY DENIED.