Luis Mariano
**PLATERO–REYMUNDO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85–7457.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1986.

Decided Jan. 9, 1987.

Jeffrey Zlatow, San Francisco, Cal., for petitioner.

Joseph F. Ciolino, Dept. of Justice, Washington, D.C., for respondent.

Before KENNEDY, BOOCHEVER, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Petitioner, Luis Mariano Platero-Reymundo (Platero-Reymundo), seeks review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen deportation proceedings seeking reinstatement of voluntary departure. We deny the petition and affirm the BIA's order.

## I

Petitioner Platero-Reymundo, a citizen of El Salvador, entered the United States without inspection in August of 1980. At his deportation hearing on January 20, 1982, Platero-Reymundo conceded his deportability and the immigration judge denied his requests for asylum and withholding of departure. Although the immigration judge found petitioner deportable, he granted petitioner the privilege of voluntary departure within 90 days to El Salvador. Platero-Reymundo unsuccessfully appealed the decision. On March 22, 1983, the BIA granted him 30 days in which to voluntarily depart. Petitioner, however, failed to depart as required.

On July 3, 1985, Platero-Reymundo filed a motion to reopen pursuant to 8 C.F.R. § 3.2 (1986), requesting another opportunity to depart voluntarily. The motion was based on petitioner's marriage to a permanent resident, who had also applied for an immigrant visa on his behalf. The motion was submitted with copies of petitioner's wife's alien registration card and the visa filing fee receipt. A copy of the approval of the visa petition was attached to a supplemental statement submitted by petitioner.

In its decision of August 15, 1985, the BIA denied Platero-Reymundo's petition to reopen, finding that he had failed to establish prima facie eligibility for a new grant of voluntary departure because he had not "offered any explanation or shown any compelling reasons or circumstances for his failure to voluntarily depart within the period of time authorized." Platero-Reymundo now appeals this decision.

## II

■ Platero-Reymundo contends that the BIA erred in finding that he had not made out the prima facie case for eligibility necessary to warrant reopening of his case. The issue on appeal, therefore, is whether the BIA's denial of petitioner's motion to reopen based on the ground that petitioner's application and supporting material did not set forth the prima facie case for the substantive relief requested is "in accordance with [the] law." *Abudu v. INS*, 802 F.2d 1096, 1100 (9th Cir.1986). We reject Platero-Reymundo's contention of error since the BIA was correct in its determination that the prima facie case for the motion to reopen requesting a new grant of voluntary departure requires that petitioner offer some explanation for his failure to depart under the previous voluntary departure order.

■ The prima facie case for the motion to reopen [1] which petitioner must establish is two-fold. First, petitioner must fulfill the requirements for the grant of the motion to reopen which are promulgated by the Attorney General. *INS v. Rios-Pineda*, 471 U.S. 444, 446, 105 S.Ct. 2098, 2100, 85 L.Ed.2d 452 (1985). These regulations, set forth in 8 C.F.R. §§ 3.2 and 3.8(a), require that the petitioner present to the BIA material evidence which was not available and could not have been discovered at the earlier hearing. 8 C.F.R. § 3.2; *Rios-Pineda*, 471 U.S. at 446, 105 S.Ct. at 2100; *Abudu*, 802 F.2d at 1101.

The second part of the prima facie case which petitioner must establish for the granting of the motion to reopen contains the elements of the prima facie case required for the requested underlying relief. *Larimi v. INS*, 782 F.2d 1494, 1496–97 (9th Cir.1986); *see INS v. Rios-Pineda*, 471 U.S. at 449, 105 S.Ct. at 2102. To be eligible for the voluntary departure requested by petitioner under 8 U.S.C. § 1254(e), an alien must establish "that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure." Platero-Reymundo may not, however, request voluntary departure under section 1254(e) since he is not "under deportation proceedings." *Id.* Instead, his deportation proceedings have terminated, and he is requesting the *reopening* of deportation proceedings, relief available solely under 8 C.F.R. § 3.2.

Where an additional grant of voluntary departure is requested under a motion to reopen proceedings, the BIA has determined that the "alien must demonstrate the existence of compelling reasons or circumstances for his failure to depart within the time originally allotted." *In re Onyedibia*, 15 I. & N. Dec. 37, 38 (1974). This element of the prima facie case for a new grant of voluntary departure was approved by this court in *Ahwazi v. INS*, 751 F.2d 1120, 1123 (9th Cir.1985). In *Ahwazi*, the court acknowledged that petitioner Ahwazi had established the prima facie case required for a motion to reopen requesting an adjustment of status. *Id.* However, Ahwazi did not satisfy the requirements for the grant of a motion to reopen requesting the reinstatement of voluntary departure. This court explained that "[i]n order to warrant a second grant of voluntary departure, an alien must show compelling reasons for his failure to depart initially." *Id.* The court cited *In re Onyedibia* and the Tenth Circuit case, *Riasati v. INS*, 738 F.2d 1115, 1119 (10th Cir.1984), as authority. Both of these opinions concluded that an explanation of the failure to previously depart is an essential element of the prima facie case for a new grant of voluntary departure.

This conclusion is not only supported by *Ahwazi*, but also logically follows from the statutory and regulatory requirements. First, an alien's reason for his failure to depart voluntarily is "material" to his motion to reopen under 8 C.F.R. § 3.2. This follows from the fact that at the time of

---

1. A motion to reopen is not a form of relief mandated by Congress. Instead, the motion to reopen arises under a regulation promulgated by the Attorney General and is not tied to a specific underlying relief provision. *Maroufi v. INS*, 772 F.2d 597, 601 (9th Cir.1985).

the motion such an alien is illegally in the United States and has thus violated the order entered in the earlier deportation proceeding. *Riasati*, 738 F.2d at 1119. Second, an explanation of the previous failure to depart is required for the grant of the privilege a second time because "[r]equiring any less showing would provide little motivation for the alien to depart promptly and would result in additional delay in the deportation process." *Id.*

We therefore hold that the BIA correctly ascertained that the prima facie case required for granting a motion to reopen which requests a new grant of voluntary departure includes petitioner's obligation to provide some explanation for the alien's previous failure to voluntarily depart.

### III

We now address the question of whether petitioner has supplied an explanation for his failure to depart voluntarily which sufficiently supports his prima facie case for granting the motion to reopen. The evidence which petitioner must present in order to support his prima facie case must include "material" evidence under 8 C.F.R. § 3.2. We fail to see how the evidentiary items accompanying petitioner's motion and supplemental statement are "material" to his failure to depart voluntarily, since these items relate to events which occurred subsequent to his failure to depart.

Therefore, the BIA correctly determined that petitioner failed to establish the required prima facie case and properly denied his motion to reopen.

The order of the BIA is AFFIRMED and the petition is DENIED.