5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roberto ROLDAN-FIGUEROA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70046.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 18, 1993.
 
 1
 Petition for Review of An Order of The Board of Immigration Appeals, BIA Axs-uox-fqo.
 
 BIA
 
 2
 PETITION DENIED.
 
 
 3
 Before: BROWNING, FARRIS AND KELLY,** Circuit Judges.
 
 
 4
 MEMORANDUM***
 
 
 5
 Roberto Roldan-Figueroa, a citizen of Mexico, seeks review of the Board of Immigration Appeals' affirmance of a final order of deportation. Roldan-Figueroa first entered the country in 1967. He entered the United States a second time in July 1990 by falsely claiming that he was a United States citizen. He was served an Order to Show Cause on September 4, 1990, charging him with deportability pursuant to Sections 241(a)(1) and (2), 8 U.S.C. Secs. 1251(a)(1) and (2). The INS alleged that he had entered the United States without inspection and that he had been convicted of a crime of moral turpitude.
 
 
 6
 The immigration judge rescheduled Roldan-Figueroa's hearing date twice so that he could seek counsel. At the second hearing date, the judge gave Roldan-Figueroa written notice, in both English and Spanish, of the rescheduled hearing date and warned him that his hearing could be held in his absence if he failed to appear. Roldan-Figueroa failed to appear for his rescheduled deportation hearing on June 7, 1991. The immigration judge held that his absence was inexcusable, and therefore, held the hearing without him. The judge found that Roldan-Figueroa had entered the United States without inspection[1] and ordered him deported to Mexico.
 
 
 7
 Roldan-Figueroa discovered that he had been ordered deported when he appeared at the immigration office on June 11. He appealed the immigration judge's ruling to the BIA. Roldan-Figueroa asked the BIA to remand to the immigration judge for a hearing, claiming that his absence was excusable because he had inadvertently recorded June 11 as his hearing date. The BIA upheld the decision of the immigration judge. It held that Roldan-Figueroa's explanation for missing his hearing date was insufficient to excuse his absence, and therefore, declined to remand for another hearing.
 
 
 8
 We review a denial of a motion to remand for an abuse of discretion. Sangabi v. INS, 763 F.2d 374, 375 (9th Cir.1984) (motion to reopen); Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987) (holding that motion to remand is treated the same as motion to reopen). Section 242(b) of the Immigration and Naturalization Act provides that an immigration judge may hold a deportation hearing in absentia as long as the alien had a reasonable opportunity to be present and failed to provide a reasonable excuse for not appearing. 8 U.S.C. Sec. 1252(b).
 
 
 9
 Roldan-Figueroa argues that his mistake was reasonable. We reject the argument. The immigration judge gave Roldan-Figueroa written notice of his hearing in both English and Spanish. Therefore, Roldan-Figueroa's excuse that he confused the dates of his hearing is not reasonable. The BIA did not abuse its discretion in declining to remand to the immigration judge for a new hearing.
 
 
 10
 The Petition is denied.
 
 
 
 *
 The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 **
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The INS did not pursue the charge of deportability for committing a crime of moral turpitude