15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Josefina LAGARTO-SNOVELLE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondents.
 No. 92-70432.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Jan. 3, 1994.
 
 Before: TANG, D.W. NELSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Josefina Lagarto-Snovelle, petitions for review of a decision of the Board of Immigration Appeals ("BIA" or "Board") that affirmed an immigration judge's ("IJ") denial of her request to reconsider or reopen the IJ's decision for the purposes of permitting Petitioner to apply for asylum and withholding of deportation. Petitioner contends that the BIA abused its discretion in failing to reopen proceedings; in addition, she argues that the IJ abused his discretion in denying her petition for adjustment of status. We have jurisdiction under 8 U.S.C. Sec. 1105a(a). We deny the petition, and affirm the decision of the BIA.
 
 I. Factual and Procedural Background
 
 3
 Petitioner is a native and citizen of the Philippines. She entered the United States in late 1986 pursuant to a conditional permanent resident visa as the spouse of an American citizen, Walter Snovelle. On January 19, 1988, the marriage was dissolved, and, on February 3, 1988, the Immigration and Naturalization Service ("INS") terminated her conditional permanent resident status. Subsequently, in 1989, Petitioner married Robert Wealton, an American citizen.
 
 
 4
 The INS issued a Show Cause Order on February 2, 1990. The order alleged that Petitioner was deportable under Sec. 241(a)(9)(B) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. Sec. 1251(a)(9)(B) (1988), because of the revocation of her conditional permanent resident status. At a hearing held on September 21, 1990, Petitioner conceded deportability and counsel indicated that, should deportation become necessary, the Philippines would be the preferred country. Petitioner additionally requested voluntary departure. Proceedings were then continued to permit Petitioner's husband to flie an "I-130" petition with the INS.[1]
 
 
 5
 On October 17, 1990, the hearing resumed. Petitioner's attorney advised the IJ that the INS had denied the I-130 Petitioner on October 10, but then requested the opportunity to file for asylum and withholding of deportation. After expressing dismay at counsel's apparent "piece-meal" approach to the proceedings, the IJ questioned Petitioner directly:
 
 
 6
 Q. To the respondent, have you ever been persecuted on account of your race, religion, nationality, membership in a particular social group or political opinion in the Philippines?
 
 
 7
 A. Oh, no.
 
 
 8
 Q. I'm sorry? What was your answer?
 
 
 9
 A. No, I haven't.
 
 
 10
 Q. All right. Do you have any reason to be[lieve] that you would be persecuted for any of those reasons in the Philippines?
 
 
 11
 A. No, I don't believe that I will be persecuted.
 
 
 12
 Admin.Rec. at 77.
 
 
 13
 Petitioner's counsel then stated that, in light of this answer by her client, voluntary departure was "the only alternative that we have." Id. at 77-78. Later in the hearing, the IJ asked if Petitioner, "in light of her admissions," was withdrawing her request for asylum. Petitioner's counsel answered "Yes." Id. at 89. Petitioner's counsel also indicated that no appeal would be sought. See id. at 90. In his subsequent written decision, the IJ granted Petitioner voluntary departure but found her statutorily ineligible for adjustment of status because of her inability to secure immediate relative status from the INS.
 
 
 14
 Having forgone an appeal, Petitioner filed a motion for reconsideration and for reopening of the deportation proceedings, requesting the opportunity to file for asylum and, in the alternative, adjustment of status. Petitioner argued that, after the IJ announced at the hearing that adjustment of status would be denied, her "mind was totally left ... blank" and that she became "extremely nervous and panicky." Admin.Rec. at 12. As a consequence, when the IJ asked her if she ever had been persecuted or had reason to fear persecution in the Philippines, she answered "no" when she really meant "yes." Id. at 36. She attached supporting documents claiming that her family had given information to the Philippine Army concerning the activities of communist rebels in their home town on the island of Lyete, and that the rebels were looking for her as a result. Id. at 38-45.
 
 
 15
 The IJ denied the motion on November 22, 1991, and the BIA affirmed in a decision dated May 8, 1992. The Board articulated essentially two reasons for its ruling. First, conducting an independent review of the record, the Board concluded that Petitioner's "contentions regarding her mental state at the hearing are not believable and are self-serving." Id. at 4. Because the Board refused to find Petitioner's explanation plausible, it found "no basis" for reopening proceedings, especially when "the respondent designated the country of deportation and stated that she had no fear of persecution in that country." Id. As an alternative holding, the Board found that Petitioner had failed to establish a prima facie case of persecution on account of one of the categories enumerated in the Act. See id. at 4-5. This petition for review followed.[2]
 
 II. Analysis
 
 16
 A. The BIA Did not Abuse its Discretion in Denying the
 
 Motion to Reopen
 
 17
 A motion to reopen can be granted only when " 'the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.' " INS v. Doherty, 112 S.Ct. 719, 724 (1992) (quoting 8 C.F.R. Sec. 3.2 (1987)). In addition, the alien must establish prima facie eligibility for the relief sought. See, e.g., INS v. Rios-Pineda, 471 U.S. 444, 449 (1985); Platero-Reymundo v. INS, 807 F.2d 865, 867 (9th Cir.1987). Although these two requirements are prerequisites for granting a motion to reopen, they do not guarantee it. In addition, "the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." INS v. Abudu, 485 U.S. 94, 105 (1988).
 
 
 18
 The denial of a motion to reopen is reviewed under the abuse of discretion standard regardless of the type of relief sought. See Doherty, 112 S.Ct. at 725. The Supreme Court emphasized in Doherty that the Board enjoys wide discretion in denying such motions, see id. at 724, and that "motions for reopening of immigration proceedings are disfavored" because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States," id. at 724-25. When the Board relies on its underlying discretion in denying the motion, the court may reverse only if the BIA's action was "unreasoned or arbitrary." Gonzalez-Batoon v. INS, 791 F.2d 681, 684 (9th Cir.1986) (en banc) (internal quotations omitted). The Board "cannot act upon assumptions unsupported in the record and contradicted by affidavits that are not inherently unbelievable." Fazelihokmabad v. INS, 794 F.2d 1470, 1473 (9th Cir.1986), vacated on other grounds, 485 U.S. 930 (1988) (vacated and remanded in light of Abudu ); accord Maroufi v. INS, 772 F.2d 597, 600 (9th Cir.1985).
 
 
 19
 Petitioner contends the Board erred both in concluding that the explanation she proffered for her conduct at the deportation hearing was implausible and in concluding that she failed to establish a prima facie case of eligibility for asylum. Because we believe the Board did not err in its first holding, we need not reach the question of whether the BIA correctly determined that Petitioner did not establish a prima facie case.
 
 
 20
 The Board's conclusion that the Petitioner cannot be believed when she claims that she meant to answer "yes" instead of "no" when the Judge asked her if she feared persecution upon returning to the Philippines is supported by the record. Not only did Petitioner answer "no" when questioned specifically on the matter, but she answered "no" three separate times. See Admin.Rec. at 77. Moreover, the immigration judge, in his denial of the motion to reopen expressly stated that he had observed Petitioner's demeanor and recalled the Petitioner as "composed and self-assured throughout the hearing." Id. at 29.
 
 
 21
 Furthermore, Petitioner's designation of the Philippines as the preferred country of deportation supports the Board's credibility determination because the Board reasonably could have found this act inconsistent with Petitioner's contention that she fears being sent back. Finally, Petitioner's counsel appears to have engaged in delaying tactics during the course of the proceedings. Although the immigration judge specifically asked counsel during the September 21, 1990 hearing if relief other than adjustment of status and voluntary departure would be sought, see id. at 69, counsel did not submit the asylum application until the October 17 hearing.
 
 
 22
 Thus, whether the Board relied on its underlying discretion or determined that Petitioner had failed to satisfy her obligation to present new and material evidence under 8 C.F.R. Sec. 3.2, we find no abuse of discretion in the Board's denial of Petitioner's motion to reopen the deportation proceedings.
 
 
 23
 B. This Court Lacks Jurisdiction To Review the IJ's Denial
 
 Of Adjustment of Status
 
 24
 Petitioner asks this court to review both the INS District Director's denial of her I-130 application for immediate relative status and the IJ's decision denying her request for adjustment of status. The INS argues that, because Petitioner failed to appeal the IJ's denial of the motion to reopen or to reconsider the adjustment of status determination to the BIA, this court lacks jurisdiction to consider the matter.
 
 
 25
 We agree with the INS. The statutory exhaustion requirement set forth in 8 U.S.C. Sec. 1105a(c) is a jurisdictional one.[3] " 'When a statute requires exhaustion, a petitioner's failure to do so deprives this court of jurisdiction.' " Saulsbury Orchards & Almond Processing, Inc. v. Yeutter, 917 F.2d 1190, 1194 (9th Cir.1990) (quoting Reid v. Engen, 765 F.2d 1457, 1462 (9th Cir.1985)); see also Vargas v. United States Dep't of Immigration, 831 F.2d 906, 907-08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." (emphasis added)). Because Petitioner failed to appeal the IJ's denial of her motion to reopen for the purposes of seeking adjustment of status, this claim is barred for failure to exhaust administrative remedies.
 
 
 26
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 If granted, the I-130 application would have conferred upon Petitioner immediate relative status, a prerequisite in her case for adjustment of status. See 8 U.S.C. Secs. 1154; 1255(a)(2) (1988)
 
 
 [2]
 Petitioner in this appeal pursues only her motion to reopen and not her motion for reconsideration. In addition, Petitioner added in the "issues presented" section of her brief that the "discriminatory" denial of her application for adjustment of status violated her due process rights. This argument is pursued neither in Petitioner's brief nor the Respondent's. Accordingly, it is waived. See Fed.R.App.P. 28(a)(5); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 923 (9th Cir.1988)
 
 
 [3]
 Section 1105a(c) provides in part that:
 An order of deportation ... shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right.
 8 U.S.C. Sec. 1105a(c) (1988).