15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Juanita Mercurio CALIBUSO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70768.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Jan. 19, 1994.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts so we need not recite them here.
 
 DISCUSSION
 
 3
 The BIA was arguably in error when it refused to review the Immigration Judge's ("IJ") decision and held that Mrs. Calibuso was statutorily ineligible for adjustment of status because she did not establish that she was the beneficiary of an approved visa petition. She did not have the immigrant visa available to her because the IJ denied the adjustment of status as a matter of discretion, thus making it unnecessary to decide whether to grant the immigrant visa petition. This circular reasoning would be unsupportable in any event, but the BIA held in Matter of Garcia, 16 I. & N.Dec. 653 (BIA 1978), that a motion to reopen should generally be granted in cases involving an adjustment application supported by an unadjudicated visa petition unless the applicant for adjustment appears clearly ineligible for the preference classification claimed in the underlying petition. Id. at 654. While Matter of Garcia was revisited in Matter of Arthur, Interim Decision 3173, 1992 WL 195807 (BIA), to take into account congressional action relating to marriages contracted after the institution of proceedings, Mrs. Calibuso's marriage was entered into prior to the institution of the proceedings. Matter of Arthur modified Matter of Garcia to account for the changes enacted by Congress, but did not overrule it. Thus Garcia is still valid for marriages like Mrs. Calibuso's.
 
 
 4
 Ordinarily, we would hold the BIA had abused its discretion in failing to follow its own precedents and remand the case to the Board for further proceedings. See Israel v. I.N.S., 785 F.2d 738 (9th Cir.1986). However, the death of Mrs. Calibuso's husband during the six years the appeal was pending before the BIA would make such a remand fruitless. See Matter of Sano, 19 I. & N.Dec. 299, 300 (BIA 1985).
 
 
 5
 During the six years the BIA was considering Mrs. Calibuso's appeal, she became eligible to claim suspension of deportation under 8 U.S.C. Sec. 1254(a) because she now has seven years of continuous physical presence in the United States. The INS argues, correctly, that the question of whether Mrs. Calibuso qualifies under Sec. 1254(a) rests with the BIA, and cannot be raised here because it was not raised before the Board.
 
 
 6
 However, in unusual cases, we have stayed our mandate "to allow a litigant to apply for further relief." See Larimi v. INS, 782 F.2d 1494, 1497-98 (9th Cir.1986). In view of the six-year period which the BIA took to decide Mrs. Calibuso's appeal, and as well as the death of her citizen husband during that time, this is one of those unusual cases.
 
 
 7
 The petition is DENIED. The mandate is stayed for sixty days from the date of this decision to allow Mrs. Calibuso to file a motion to reopen, and if a motion to reopen is filed with the BIA, for such further time as is necessary for the disposition of the motion by the BIA.
 
 
 8
 Counsel for Mrs. Calibuso has the responsibility of informing the clerk of this court of the filing of a motion to reopen. If such a motion is filed, counsel for Mrs. Calibuso has the continuing duty of keeping the clerk closely informed of the status of the proceedings on that motion by status report filed with the clerk no less often than every ninety days.