17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro GARCIA-SORIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70628.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Garcia-Soria, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") order upholding an immigration judge's ("IJ") denial of petitioner's request for voluntary departure after a hearing held in absentia. In his appeal to the BIA, Garcia-Soria contended that he had reasonable cause for his failure to appear and requested the BIA to remand the deportation proceedings to the IJ. We have jurisdiction under 8 U.S.C. Sec. 1105a(a). We review the BIA's denial of a motion to remand for an abuse of discretion, Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987) (treating a motion to reopen as a motion to remand); Sangabi v. INS, 763 F.2d 374, 375 (9th Cir.1985) (motion to reopen), and we deny the petition.
 
 
 3
 An immigration judge may, in his or her discretion, conduct a deportation hearing in absentia if the alien has been given reasonable opportunity to be present and fails to appear without reasonable cause. 8 U.S.C. Sec. 1252(b); INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984). In this case, the IJ rescheduled Garcia-Soria's hearing twice at the request of Garcia-Soria's counsel because counsel had difficulty communicating with petitioner. On the third hearing date, neither counsel nor petitioner were present. The IJ proceeded in absentia at the request of the government and denied petitioner's request for voluntary departure.
 
 
 4
 Garcia-Soria contends that he had reasonable cause for his failure to appear. As "reasonable cause," Garcia-Soria argues that he was unaware that he had to keep the INS and his attorney informed of his current mailing address, and that there were instances of "official-looking mail" being stolen from his mailbox.[1] In sum, he argues that he did not have actual notice of the hearing dates. Under INS regulations, actual notice to the petitioner is not required, and notice to counsel constitutes adequate notice. 8 C.F.R. Sec. 292.5(a). Therefore, the mere fact that petitioner remained out of touch with his counsel, either through ignorance or misunderstanding, does not constitute "reasonable cause." See Reyes-Aria v. INS, 866 F.2d 500, 503 (D.C.Cir.1989).
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Assuming arguendo that Garcia-Soria failed to receive notice of the dates of his hearing, the record is devoid of any explanation as to why counsel failed to appear to request a further continuance or to take other steps to protect his client's interests