34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HING-TIN NGAI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WRIGHT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hing-Tin Ngai, a native and citizen of Hong Kong, petitions for review of the decision of the Board of Immigration Appeals which denied his petition to reopen deportation proceedings after a remand from this court. Our remand directed the BIA to consider several factors favorable to Ngai when it ruled upon his petition to reopen. Hing-Tin Ngai v. INS, No. 90-70116 (July 22, 1991). Ngai seeks to reopen deportation proceedings in order to obtain an adjustment of status to that of lawful permanent resident under 8 U.S.C. Sec. 1254(a) or Sec. 1255. We affirm.
 
 
 3
 1. Ngai seeks to have us reconsider issues that were already considered and rejected by us during his prior appeal. We decline to do that because no exception to the law of the case doctrine applies here. See Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir.1991); Kimball v. Callahan, 590 F.2d 768, 771-72 (9th Cir.), cert. denied, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). Thus, we will not consider his claims that the BIA departed from its own precedents, ignored Congressional policies favoring family unification, denied due process when it summarily denied a motion to reopen, and had insufficient evidence of his attempts to mislead the INS. Ngai does now add that the summary denial imposes punishment upon him without due process of law. That attack cannot succeed because deportation is not punishment. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984).
 
 
 4
 2. Ngai also contends that the INS should be estopped because, he asserts, it suppressed a report that showed it knew where he was. Assuming, without deciding, that estoppel can be used to preclude a deportation, the most Ngai has shown is that the INS did not do a brilliant investigative job when he dropped out of sight. He also claims that the INS knew where he was because he filed tax returns and because he had a Social Security card. But no court has ever held the INS to have this sort of constructive knowledge, and Ngai has offered no compelling reason why we should. See Local 512, Warehouse & Office Workers' Union v. NLRB, 795 F.2d 705, 720 n. 13 (9th Cir.1986) (Social Security may not give any information it obtains about an individual to the INS); 26 U.S.C. Sec. 6103(a) (tax return information shall be kept confidential from other branches of government).
 
 
 5
 3. Ngai complains that the BIA failed to properly consider all of the factors in his favor when it denied his motion to reopen. Of course, it must consider all factors. See INS v. Rios-Pineda, 471 U.S. 444, 449, 105 S.Ct. 2098, 2101-02, 85 L.Ed.2d 452 (1985); Jen Hung Ng v. INS, 804 F.2d 534, 540 (9th Cir.1986); Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985); Sangabi v. INS, 763 F.2d 374, 375 (9th Cir.1985). Indeed, that is what we ordered it to do when we decided his prior appeal. We have considered the BIA's current decision and determined that it did follow our mandate. It did balance his equities against his obvious flaunting of the immigration laws--as he said, he did not let the INS know where he was because he "was afraid of what may happen to [him]." The BIA did not abuse its discretion when it denied his petition.
 
 
 6
 Ngai has asked that he be granted voluntary departure, and the INS has agreed that he should have thirty days to voluntarily depart. Therefore, we will so order.
 
 
 7
 AFFIRMED. Ngai is granted voluntary departure without expense to the government on or before thirty days from the filing of this disposition.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3