116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asif Soheal KHAN; Anila Asif Khan; Sufyan Asif Khan;
Laareb Asif Khan, Petitioners,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 96-70133.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1997.
Decided June 12, 1997.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, No. Ajt-trz-snj, Acg-wud-dog, Acd-nir-qfc, Apw-cqx-rtm.
 
 
 2
 Before: BROWNING, FLETCHER, and KOZINSKI, C.J.
 
 
 3
 MEMORANDUM*
 
 
 4
 Petitioners, Asian/Muslim citizens of Kenya, presented evidence of discrimination. The IJ found their account not credible and denied their petition for asylum and withholding of deportation. The BIA affirmed.
 
 
 5
 We have doubts about the IJ's credibility determination, which was based on minor inconsistencies and nuances of expression. We therefore assume the facts to be as the Khans allege them. Nevertheless, the Khans have failed to make out a claim of persecution. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc)("persecution is an extreme concept, which ordinarily does not include ' [d]iscrimination on the basis of race or religion, as morally reprehensible as it may be."). The difficulties the Khans had with jobs and schooling have not reached the level of persecution. Surita v. INS, 95 F.3d 814 (9th Cir.1996), cited by petitioners, is distinguishable. Surita was repeatedly robbed on her way to and from work; when she reported the incidents, the police refused to help her. On one occasion, government soldiers looted her house, taking "all the family's belongings"; again the police refused to help her. Id. at 817-18. By the time she left Fiji, Surita "could not go out of her house, could not go to work, and could not go to temple." Id. at 818. The Khans, whose family in Kenya urged them to return if they could not get a green card, have not presented evidence of the kind of mistreatment described in Surita. We note, however, the situation for Asian Muslims in Kenya is not improving and we make no pronouncement on the merits of a petition to reopen the proceedings based on changed conditions.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3