Asif Soheal KHAN; et al., Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70680.

INS Nos. A70–806–459, A70–806–460,
A70–806–461, A70–806–462.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge,
TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Asif Soheal Khan, Anila Asif Khan, Suf-
yan Asif Khan and Laareb Asif Khan,
natives and citizens of Kenya,[1] petition for
review from the order of the Bureau of
Immigration Appeals ("BIA") denying
their motion to reopen deportation pro-
ceedings. We have jurisdiction pursuant
to 8 U.S.C. § 1105a.[2] We review for abuse
of discretion the BIA's denial of a motion
to reopen, *Sharma v. INS*, 89 F.3d 545,
547 (9th Cir.1996), and we deny the peti-
tion.

The Khans contend that the BIA abused
its discretion by denying their motion to
reopen. We disagree because the Khans'
new evidence supporting their motion does
not present a prima facie case for either
asylum or withholding of deportation. *See
Kaveh–Haghigy v. INS*, 783 F.2d 1321,
1323 (9th Cir.1986); *Larimi v. INS*, 782
F.2d 1494, 1497 (9th Cir.1986) (per cu-
riam).

Although we agree that the BIA erred
by requiring the Khans to address credi-
bility in their motion to reopen, *see Khan
v. INS*, No. 96–70133, 1997 WL 335015,
at *1 (9th Cir. June 12, 1997), we conclude
that the error was not prejudicial because
the Khans failed to establish eligibility for
asylum, *cf. Maroufi v. INS*, 772 F.2d 597,
600 (9th Cir.1985).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

1. Anila Asif Khan is a native and citizen of
Pakistan, but lived with her family in Kenya.

2. Pursuant to the Illegal Immigration Reform
and Immigrant Responsibility Act of 1996
("IIRIRA"), the transitional rules apply, *see
Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.
1997), and we therefore have jurisdiction un-
der 8 U.S.C. § 1105a(a), as amended by IIRI-
RA § 309(c), *see Avetova–Elisseva v. INS*, 213
F.3d 1192, 1195 n. 4 (9th Cir.2000).