**Rene VASQUEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 83–7621, 84–7125.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1985.

Decided July 30, 1985.

Walter R. Pineda, San Francisco, Cal., for petitioner.

Morris H. Deutsch, Dept. of Justice, Washington, D.C., for respondent.

Before MERRILL, WALLACE, and POOLE, Circuit Judges.

WALLACE, Circuit Judge:

Vasquez petitions for review of the denials of his motions to reopen for adjustment of status and for suspension of deportation by the Board of Immigration Appeals (BIA). We have jurisdiction under 8 U.S.C. § 1105a, and we deny the petition.

Vasquez, a native of El Salvador, entered this country legally as a nonimmigrant visitor on September 1, 1975, but overstayed his six-month visit. He conceded deportability at his deportation hearing on January 14, 1982. Vasquez requested and received voluntary departure, but failed to depart within 30 days of his final hearing on May 3, 1982, and did not appeal from the deportation decision. On October 5, 1982, Vasquez married an 18-year old American citizen in Reno, Nevada. On February 10, 1983, he filed a motion to reopen his deportation proceedings for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1254(a)(1). The immigration judge denied the motion, and the BIA affirmed. Vasquez then sought our review.

On July 26, 1983, Vasquez filed a second motion to reopen under section 245 of the Act, 8 U.S.C. § 1255, for an adjustment of status based on his recent marriage. The BIA also denied this motion to reopen. Vasquez once more sought our review, and both his petitions were consolidated before this court. We review both of these decisions for an abuse of discretion. *Agustin*

*v. INS*, 700 F.2d 564, 565 (9th Cir.1983) (per curiam).

I

First, we consider the BIA's denial of Vasquez's motion to reopen for adjustment of status. The sole basis for this motion was Vasquez's recent marriage and the immediate relative visa petition filed on his behalf by his citizen wife. This establishes a prima facie case of statutory eligibility for an adjustment of status. *See Ahwazi v. INS*, 751 F.2d 1120, 1123 (9th Cir.1985) (*Ahwazi*). Like the petitioner in *Ahwazi*, however, Vasquez relied solely on the fact of his marriage and presented the BIA with "no further new evidence suggesting why [it] should exercise its discretion to adjust [his] status." *Id.* at 1123.

The BIA has discretion to deny a motion to reopen for an adjustment of status, regardless of whether the petitioner has established a prima facie case of statutory eligibility, if the BIA determines that it would have denied the motion as a matter of discretion. *See Rios-Pineda v. INS*, —— U.S. ——, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985) (*Rios-Pineda*); *Sangabi v. INS*, 763 F.2d 374, 375 (9th Cir.1985) (*Sangabi*); *Ahwazi*, 751 F.2d at 1122–23. Although we observed in dictum in *Mattis v. INS*, 756 F.2d 748, 751 (9th Cir.1985) (*Mattis*), that this discretion extended only to cases without a discretionary determination of statutory eligibility, this dictum was overruled by *Rios-Pineda*. In that case, the Court observed that the BIA had the discretion to deny a motion to reopen for suspension of deportation, regardless of eligibility, if it concluded that it would ultimately deny the motion as a matter of discretion. 105 S.Ct. at 2102. Thus, the Court has rejected the distinction between discretionary and nondiscretionary eligibility determinations.

Vasquez presented only the fact of his marriage in support of his motion to reopen for adjustment of status. The BIA concluded that the underlying application would be denied as a matter of discretion

because the equities of the marriage did not outweigh Vasquez's illegal overstay and his failure to comply with the voluntary departure order. *See Rios-Pineda,* 105 S.Ct. at 2103; *Sangabi,* 763 F.2d at 375; *Anwazi,* 751 F.2d at 1123. Thus, we cannot say that the BIA's decision was "arbitrary, irrational, or contrary to law." *Ahwazi,* 751 F.2d at 1122.

## II

Vasquez's second argument is that the BIA abused its discretion by denying his motion to reopen for suspension of deportation because he failed to establish a prima facie case of hardship. In support of his motion, Vasquez alleged only that he was legitimately married, and provided a psychological report that indicated he would suffer emotional distress if he were returned to El Salvador.

### A.

■ As with a motion to reopen for adjustment of status, the BIA has discretion to deny a motion to reopen for suspension of deportation without considering whether a prima facie case of statutory eligibility has been shown if the BIA would deny the underlying application for relief as a matter of discretion. *Rios-Pineda,* 105 S.Ct. at 2102. Unlike the adjustment of status provision, in which the determination of statutory eligibility is nondiscretionary, the suspension of deportation provision has a partially discretionary determination of eligibility. Both provisions, however, permit the BIA to exercise its discretion after eligibility has been established. *Compare* 8 U.S.C. § 1255 *with* 8 U.S.C. § 1244(a)(1). As we observed in part I, *supra,* it is the latter discretion on which the Supreme Court focused in *Rios-Pineda,* 105 S.Ct. at 2102.

Based upon our precedents, the parties understandably focused upon whether Vasquez established a prima facie case for suspension of deportation. That probably will not be the critical issue presented to us in future cases. The unequivocal language of *Rios-Pineda* clearly establishes that the

BIA has the discretion to deny a motion to reopen filed pursuant to 8 C.F.R. § 3.2 (1985) even when the petitioner has established a prima facie case for relief. 105 S.Ct. at 2102; *see Sangabi,* 763 F.2d at 375. Until *Rios-Pineda,* the validity of the contrary position had been in doubt since the Supreme Court reversed our decision in *Wang v. INS,* 622 F.2d 1341, 1345–46 (9th Cir.1980) (en banc), *reversed,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam). In *Wang,* we relied on *Urbano de Malaluan v. INS,* 577 F.2d 589, 595 (9th Cir.1978), and *Choe v. INS,* 597 F.2d 168, 170 (9th Cir.1979) (per curiam), for the proposition that a hearing was necessary when a petitioner established a prima facie case of hardship. To the extent those cases conflict with *Rios-Pineda,* they now have been overruled.

### B.

This case, however, is different from *Rios-Pineda.* Here, the BIA denied Vasquez's motion on the ground that he failed to establish a prima facie case of statutory eligibility. Thus, we do not reach the issue of whether the BIA could have denied the underlying relief as a matter of discretion without considering Vasquez's prima facie case. *See Rios-Pineda,* 105 S.Ct. at 2102.

■ To make out a prima facie case of statutory eligibility for suspension of deportation, an alien must allege and support by affidavit or other evidentiary material the particular facts claimed to show that (1) he has been physically present in the United States for a continuous period of at least seven years, (2) he is of good moral character, and (3) the deportation, in the Attorney General's view, would result in extreme hardship to him or to his spouse, parent, or child who is a citizen or lawful permanent resident. *See Rios-Pineda,* 105 S.Ct. at 2100; 8 U.S.C. § 1254(a)(1). The BIA denied Vasquez's motion to reopen on the ground that he failed to make out a prima facie case of extreme hardship, the third element of the statutory standard. Thus, we only determine whether the BIA abused its discretion in holding that Vasquez failed

to establish a prima facie case of extreme hardship.

In *Saldana v. INS*, 762 F.2d 824 (9th Cir.1985) (*Saldana*), we reversed the BIA's determination that the petitioner failed to make a prima facie case of hardship. We concluded that the record failed to establish that the BIA "properly consider[ed] all the factors relevant to the 'extreme hardship' determination," *id.* at 827, when it failed to give due consideration to a psychiatric report that indicated severe consequences to Saldana's pregnant wife and children. *Id.* at 827–28. Similarly, in *Mattis*, we concluded that the BIA failed to consider all the relevant factors in Mattis' petition, which was based primarily on a recent marriage. *See* 756 F.2d at 750, 752.

Vasquez's motion to reopen did not present either the immigration judge or the BIA with even the minimal showing made by the petitioners in *Mattis* and *Saldana*. Unlike Mattis, Vasquez's marriage was not stable and continuous; his wife's parental disapproval interrupted their cohabitation, and when Vasquez filed his motion, the couple was separated. In addition, unlike Mattis, Vasquez was unemployed when he filed the motion, although this was ostensibly for the purpose of devoting his full time to his legal remedies. Vasquez's only evidence of hardship was the bare fact of his marriage and a psychologist's report that he would suffer emotional distress if deported. Unlike the psychiatric report in *Saldana*, however, Vasquez's report states only that he would be distraught if he were returned to El Salvador. The report, moreover, is devoid of the unique and extraordinary consequences presented in *Saldana;* i.e., the strong likelihood of suicide and physical consequences to unborn and existing children. *Saldana*, 762 F.2d at 827. Vasquez's report contains only conclusory allegations of emotional distress, and presents no specific evidence of severe emotional problems unique to his marriage, nor is there any evidence of extreme hardship to Vasquez's wife. *See Mattis*, 756 F.2d at 750. Such conclusory allegations are not a sufficient basis for relief. *See Agustin*, 700

F.2d at 565. *See also Wang*, 450 U.S. at 143, 101 S.Ct. at 1030.

Thus, we conclude that Vasquez did not establish a prima facie case of eligibility for suspension of deportation. Essentially, his only claim of hardship was the existence of a citizen spouse and the distress he would suffer if deported. The mere existence of a citizen spouse, without evidence of hardship unique to the petitioner's marriage supported by nonconclusory allegations and affidavits, does not establish a prima facie case of hardship. *Cf. Lee v. INS*, 550 F.2d 554, 555–56 (9th Cir.1975) (mere existence of a citizen child does not establish hardship); *accord Israel v. INS*, 710 F.2d 601, 605 (9th Cir.1983), *cert. denied*, — U.S. ——, 104 S.Ct. 1421, 79 L.Ed.2d 746 (1984). Since Vasquez married after he violated his departure order, the favorable equities of his marriage are entitled to less weight than if he had married while a legal resident. *See Sangabi*, 763 F.2d at 375. If we came to the opposite conclusion, we would contravene the Supreme Court's holding in *Wang*, because we would be adopting a standard that essentially would permit " 'any foreign visitor who has fertility, money, and the ability to stay out of trouble with the police for seven years [to] change his status from that of tourist or student to that of permanent resident without the inconvenience of immigration quotas.' " *Wang*, 450 U.S. at 145, 101 S.Ct. at 1031, *quoting Wang v. INS*, 622 F.2d at 1352 (Goodwin, J., dissenting). Similarly, if we concluded that the emotional distress resulting from deportation were sufficient to establish a prima facie case, then *all* deportable aliens would be able to allege prima facie cases since it is a safe assumption that none of them wish to be deported.

Finally, we conclude that ours is the only result consistent with *Ahwazi*. We would find it anomalous if the BIA could deny a motion to reopen for adjustment of status when the motion is based solely on the fact of a marriage to a United States citizen, yet be obligated to reopen for a suspension of deportation claim when it has determined that the marriage would not

satisfy the threshold requirement of extreme hardship. The interpretation of the hardship standard rests solely in the discretion of the Attorney General. *See Rios-Pineda*, 105 S.Ct. at 2103; *Wang*, 450 U.S. at 145, 101 S.Ct. at 1031. The BIA is free to construe this standard narrowly. *See id.* As the Supreme Court recently observed, our review in these cases is very limited: "In this government of separated powers, it is not for the judiciary to usurp Congress' grant of authority to the Attorney General by applying what approximates *de novo* appellate review." *Rios-Pineda*, 105 S.Ct. at 2103.

Although dictum in both *Mattis* and *Saldana* appears to conflict with the broad language of *Rios-Pineda, see Saldana*, 762 F.2d at 827; *Mattis*, 756 F.2d at 751, *Saldana* failed to discuss *Rios-Pineda* although decided subsequent to that case. Our result in this case does not conflict with either *Mattis* or *Saldana*, however, for the reason that neither case determined whether the petitioner established a prima facie case of extreme hardship. Both cases concluded only that the BIA did not consider all the evidence presented by the petitioner, and thus abused its discretion. *See Saldana*, 762 F.2d at 827; *Mattis*, 756 F.2d at 750, 752. Our result in this case does not relieve the BIA or the immigration judge of their responsibility to consider all of the evidence before them. Our review of the record reveals that the BIA carefully considered Vasquez's marriage and the psychologist's report, the only evidence arguably supporting Vasquez's motion. Moreover, even if our analysis of the standard of review is more deferential to the BIA than either *Mattis* or *Saladana*, this deference is necessary due to the Supreme Court's admonition in *Rios-Pineda* to avoid approximating de novo review. 105 S.Ct. at 2103.

■ We recognize that the difference between a prima facie case and an insufficient case is often close as a matter of fact, but the distinction is crucial. When the petitioner has failed to establish a prima facie case, there is no question but that the BIA may deny a motion to reopen. *See, e.g., Wang*, 450 U.S. at 144–45, 101 S.Ct. at 1031. We conclude that Vasquez's showing failed to establish a prima facie case of extreme hardship and that the BIA did not abuse its discretion by so concluding. Vasquez's petition for review is therefore denied.

PETITION DENIED.