952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis George EDWARDS, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1991.*
Decided Jan. 10, 1992.
 
 Before JAMES R. BROWNING, FERGUSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A thorough review of this matter is provided by the transcript of the immigration judge's (IJ's) oral opinion and the written decision of the Board of Immigration Appeals (BIA). Accordingly, there is no need to repeat the facts here. We address Dennis George Edwards' claims sequentially.
 
 
 3
 Edwards first contends that the Attorney General's delay in bringing deportation proceedings warrants a stay of deportation. The government seeks to deport Edwards based on his conviction in 1987 for possession of marijuana with intent to sell. Deportation proceedings were not commenced until 31 months after this conviction. According to Edwards, 8 U.S.C. § 1252(i), which states that "[i]n the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction," forbids the government to deport him after a 31 month delay. We disagree.
 
 
 4
 First, petitioner has failed to demonstrate that he was prejudiced in any way by the government's delay. To the contrary, because he was at liberty between his release from prison in 1987 and the initiation of deportation proceedings in 1989, the government's delay has only provided him with additional time in which to develop equities to warrant a stay of deportation. Furthermore, in withholding relief, the BIA did not rely on any post-conviction events to justify its decision, and the petitioner does not suggest that, had deportation proceedings been instituted promptly, the BIA's decision would have been different.
 
 
 5
 Second, we do not believe that Congress, in enacting § 1252(i), intended to bar the Attorney General from deporting convicted drug offenders when deportation proceedings have not been brought expeditiously. Indeed, we do not believe that Congress, in enacting that section, intended to confer any benefits at all on convicted drug offenders. Because allowing the Attorney General to proceed with this delayed deportation proceeding neither unfairly prejudices Edwards nor thwarts the intent of Congress, we reject Edwards' claim.
 
 
 6
 Edwards next contends that the BIA's failure to consider his reply brief denied him due process of law. In order to prevail on his claim, Edwards must demonstrate that the failure to consider his reply brief prejudiced his appeal before the BIA. Cf. Colindres-Aguilar v. INS, 819 F.2d 259 (9th Cir.1987). We can find no prejudice in Edwards' case.
 
 
 7
 The IJ's briefing schedule allowed the filing of one brief from each side; there is no mention of an opportunity to file a reply brief. Nor do INS regulations require parties to be provided with such an opportunity. See 8 C.F.R. § 3.3(c) (allowing parties to file a brief "in support of or in opposition to an appeal"). Thus, Edwards cannot claim to have been mislead in the preparation of his opening brief.
 
 
 8
 Further, we do not believe that Edwards raised any claims in his reply brief consideration of which by the BIA would have altered the result. Although Edwards did not provide us with a copy of his reply brief, we will assume that any claims raised in that brief are also raised in his brief before our court. Comparing the opening brief before the BIA with the one in our court, we note only two additional claims are present in the latter brief.[1] Those claims are that he is a national of the United States and that he was denied effective representation of counsel before the IJ.
 
 
 9
 The first claim, that Edwards is a national, fails factually. Edwards claims he is a national because of his long residence in the United States. However, long residence does not establish nationality. Under 8 U.S.C. § 1101(a)(22), a national is a person who is either a citizen of the United States or someone who, though not a citizen, owes permanent allegiance to the US. The latter category, which traditionally refers to residents of United States territories, must ordinarily be satisfied at birth. See Oliver v. United States Dep't of Justice, 517 F.2d 426, 427-28 & n. 3 (2d Cir.1975) (per curiam), cert. denied, 423 U.S. 1056 (1976). An alien may become a citizen through naturalization, but he does not become a national by means of a long stay. See id. Accordingly, Edwards is not a national.
 
 
 10
 The second claim, that Edwards was denied effective assistance of counsel before the IJ is also without merit. Edwards claims that counsel's assistance was inadequate because he did not contest the 1987 guilty plea. However, an IJ does not have the authority to adjudicate criminal convictions on which deportation is based; so, Edwards could not attack the validity of his criminal conviction during the deportation hearing. See De La Cruz v. INS, No. 90-70110, slip. op. at 16154-55 (9th Cir. Dec. 16, 1991). Thus, Edwards was not prejudiced by his counsel's failure to contest the conviction, and he did not receive ineffective assistance on the basis of this failure. Cf. Strickland v. Washington, 466 U.S. 688, 694 (1984) (requiring that there be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" before a claim for ineffective assistance of counsel can be demonstrated).
 
 
 11
 Accordingly, Edwards has not shown that he was prejudiced by not being allowed to file a reply brief. Thus, his due process rights were not violated on that ground.
 
 
 12
 Edwards third contention is that the BIA abused its discretion in denying Edwards relief from deportation. In reviewing this claim, we need not consider whether the BIA properly applied the heightened "outstanding or unusual equities" standard to Edwards' case because the BIA made it clear in its decision that, even under the lower standard, no relief from deportation is warranted and we do not find that it abused its discretion in so finding.
 
 
 13
 Edwards does not claim that the BIA failed to consider an equity warranting relief.[2] Rather, he contends that the BIA abused its discretion in finding that his equities did not warrant relief. However, we cannot say that the BIA's consideration of his equities is so "arbitrary, irrational, or contrary to law" as to require reversal. Vasquez v. INS, 767 F.2d 598, 601 (9th Cir.1985). The equities in Edwards' favor are his long-term residence in the United States and his child and family here. Yet the BIA acted rationally in weighing the latter equities more lightly because he has little contact with his family and no contact with his child or his child's mother. Further, the BIA acted rationally in considering his lack of consistent work and his drug conviction. The fact that he spent his childhood in Jamaica militates in favor of deportation to that country. On balance, we cannot say that the BIA's ultimate determination amounted to an abuse of discretion.
 
 
 14
 Edwards fourth and final contention is that the double jeopardy clause forbids his deportation because it is based on the same conduct that was the basis for his criminal conviction. This claim fails for several reasons.
 
 
 15
 First, a deportation proceeding is civil, not criminal, in nature. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984). Because it is civil in nature, many constitutional protections are inapplicable, among which is the protection against double jeopardy. See Oliver, 517 F.2d at 428.
 
 
 16
 Second, even if the double jeopardy clause were applicable, it would not be violated by Edwards' deportation. Edwards' drug conviction was brought by the State of California. This deportation proceeding is brought by the federal government. The double jeopardy clause does not prevent the state and federal government from punishing the same conduct. See Heath v. Alabama, 474 U.S. 82, 88-89 (1985). Accordingly, Edwards' double jeopardy claim must fail.
 
 
 17
 In sum, we find that Edwards' deportation and the BIA's denial of relief are lawful. Although his assertion that "young people who make mistakes often change for the better, and therefore, should not be penalized for life" is true and has great emotional appeal, it is not law. The BIA rejected this appeal, and we must affirm.
 
 
 18
 Petition denied.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided for by 9th Cir.R. 21
 
 
 [1]
 For obvious reasons, Edwards cannot claim prejudice from the fact that he would have been able to repeat his earlier claims in a reply brief
 
 
 [2]
 Edwards does claim that the BIA should have found that he has demonstrated rehabilitation. The BIA did consider this claim but found insufficient evidence of rehabilitation. Edwards does not point to any specific evidence of rehabilitation and, indeed, his assertion that he should be placed in a drug rehabilitation program rather than deported suggests that he is not yet rehabilitated. We cannot say that the BIA's rejection of his claim of rehabilitation was a clear error