978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Faramarz Farahani JALALI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70250.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Nov. 3, 1992.
 
 Before FEINBERG,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Faramarz Farahani Jalali petitions for review of an order of the Board of Immigration Appeals (Board or BIA) denying his motion to reopen and reconsider the Board's dismissal of his appeal from an Immigration Judge's order of deportation and denial of asylum. For the reasons stated below, we affirm the Board's decision.
 
 I.
 
 3
 Jalali is a native and citizen of Iran who entered the United States as a nonimmigrant visitor in 1984, authorized to remain for six months. Jalali had refused to serve in the Iranian army under the present regime. After deportation proceedings were commenced against him in 1986, Jalali submitted an application for asylum asserting a fear of persecution on account of his conscientious objection to military service in Iran.
 
 
 4
 After a hearing in May 1987, an Immigration Judge found Jalali to be deportable and denied his applications for asylum and withholding of deportation. In an oral opinion, the Immigration Judge summarized the evidence, including Jalali's testimony regarding his military service under the Shah and his unwillingness to serve in the armed forces of the present regime, and stated that there was no indication on the record that Jalali's desire to avoid military service was "based on any grounds of conscientious objection." The judge concluded that Jalali "does not have a well-founded fear of persecution within the meaning of the law."
 
 
 5
 In May 1988, Jalali appealed to the Board, attaching to his brief a copy of a summons and a warrant for his arrest issued by the Iranian government. Although the Board noted in its decision that Jalali had proffered these additional documents, it declined to consider them on the ground that Jalali had offered no explanation for the documents and made only a one-sentence reference to them in his brief. In addition, the Board stated, "[b]ecause we review the record as it existed before the immigration judge, we will not consider the evidence that the respondent has submitted on appeal." Upon review of the Immigration Judge's opinion and the entire record, the Board agreed that the facts did not establish a well-founded fear of persecution and accordingly denied asylum and withholding of deportation.
 
 
 6
 Jalali appealed the Board's denial of his asylum claim to this Court, which affirmed in an unpublished memorandum dated January 2, 1991. On that appeal, Jalali argued "that the BIA erred in determining that his refusal to participate in the Iranian military is not a valid ground for political asylum." This Court rejected that claim, stating that a conscientious objector claim "must be based on 'genuine political, religious, or moral convictions, or other genuine reasons of conscience'." The Court concluded that "Jalali's claim of persecution is based on nothing more than his desire to avoid conscription into the Iranian army" and found "under the circumstances of this case that substantial evidence supports the BIA's finding that Jalali failed to demonstrate a 'well-founded fear' of persecution."
 
 
 7
 Jalali also claimed on appeal "that the BIA abused its discretion in refusing to take into consideration the summons and warrant issued for his arrest by the Iranian government." In response, this Court stated, "[w]e disagree.... [T]he BIA correctly noted that its review of the record on appeal is generally confined to the record developed before the [Immigration Judge].... Moreover, although the INS has not questioned the authenticity of those documents, Jalali did not attempt to demonstrate to the BIA that exceptional circumstances warranted consideration of the new evidence." Consequently, this Court affirmed the Board's decision.
 
 
 8
 Several days after this Court's decision, Jalali filed with the Board a motion to reconsider and reopen his deportation proceedings, offering two reasons why it should do so: first, Jalali had new evidence pertaining to his asylum claim, and second, new case law in this Circuit supported his claim for asylum. In March 1991, the Board denied Jalali's motion. It found that the documents offered by Jalali as new evidence did not allege "new facts" as required under 8 C.F.R. § 3.8 and further found that in its prior memorandum this Circuit had already applied the allegedly new case law to Jalali's claim, making it unnecessary for the Board to do so.
 
 II.
 
 9
 Jalali filed the present petition for review in April 1991. Our decision is governed by the standard of review articulated by the Supreme Court, which has held that the Board has broad discretion in ruling on motions to reopen. INS v. Abudu, 485 U.S. 94, 104-10 (1988); INS v. Rios-Pineda, 471 U.S. 444, 449-52 (1985). Indeed, motions to reopen are "entirely within [the] BIA's discretion." INS v. Phinpathya, 464 U.S. 183, 188 n. 6 (1984). The scope of review of a denial of a motion to reopen is thus "extremely narrow." Oviawe v. INS, 853 F.2d 1428, 1430 (7th Cir.1988). This Court has held that a discretionary denial must be upheld unless it is "arbitrary, irrational, or contrary to law." Vasquez v. INS, 767 F.2d 598, 601 (9th Cir.1985), quoting Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985).
 
 
 10
 The regulations pertaining to motions to reopen require that such motions "shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 3.8. In support of his motion, Jalali submitted a summons and warrant for arrest (the same documents originally attached to his brief in his 1988 appeal to the Board), an Amnesty International Report, a State Department report on human rights, excerpts from a declaration on human rights issued by the Council of Europe, a series of newspaper articles concerning human rights violations in Iran, and declarations by himself and his counsel. It seems reasonable--that is, not arbitrary or irrational--to conclude that these materials do not allege new facts that would advance Jalali's asylum claim at a reopened hearing.
 
 
 11
 The key point is this: The summons and arrest warrant, however frightening a prospect they may conjure up, do not go to the crucial argument Jalali lost before the Board and this Court on his first appeal. That is, they do not advance his claim that he is a conscientious objector to military service. As the Board noted, this Court has already affirmed the Board's ruling that Jalali is not a conscientious objector, and Jalali has alleged no new facts to challenge that ruling. Hence, his motion to reopen is not based on "new facts" as required by 8 C.F.R. § 3.8. Clearly, the Board did not abuse its discretion when it denied Jalali's motion to reopen for failing to comply with the requirements of this regulation. See Abudu, 485 U.S. at 106-07.
 
 
 12
 Jalali also asked the Board to reconsider his claim in light of new case law, particularly Canas-Segovia v. INS, 902 F.2d 717 (9th Cir.1990). However, as the Board noted, this Circuit had already applied Canas-Segovia to Jalali's claim in its January 1991 affirmance of the Board on Jalali's first appeal. Moreover, the Court's decision in Canas-Segovia, on which Jalali relied, was vacated on February 24, 1992 for further consideration in light of INS v. Elias-Zacarias, 112 S.Ct. 812 (1992). See INS v. Canas-Segovia, 112 S.Ct. 1152 (1992).
 
 
 13
 Elias-Zacarias held that an alien who claims a well-founded fear of persecution on account of political opinion must provide some evidence of the persecutor's motive. Unfortunately for Jalali, this holding cuts against the claim now before us since, as counsel admitted at oral argument, Jalali cannot produce evidence of his alleged persecutors' motives. In short, Jalali's case for asylum based upon his alleged conscientious objection to military service, never terribly strong, now appears weaker.
 
 
 14
 At oral argument, Jalali argued that he is entitled to asylum based on a well-founded fear of persecution on account of political opinions falsely attributed to him. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) ("Elias-Zacarias left open the possibility that persecution based on a political opinion falsely attributed to the victim could provide the basis for relief."). This argument seems foreclosed by a fair reading of this Court's January 1991 memorandum.
 
 
 15
 We have considered all of Jalali's arguments and, particularly in view of the prior decision of this Court, they are without merit.
 
 
 16
 The petition for review is denied and the decision of the Board is
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3