29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirin ETEMADI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70781.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shirin Etemadi, a native and citizen of Iran, petitions for review of a Board of Immigration Appeals (BIA) order which denied Etemadi's motion to reopen her deportation proceedings to allow her to apply for suspension of deportation. The BIA denied the motion on the ground that Etemadi failed to establish prima facie eligibility for suspension of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a). We review the BIA's denial of a motion to reopen for abuse of discretion, Limsico v. INS, 951 F.2d 210, 213 (9th Cir.1991). Because we find the BIA abused its discretion in failing to consider all the evidence Etemadi presented, we grant the petition and remand to the BIA for its consideration of her motion to reopen, the appended exhibits, and the full administrative record.
 
 
 3
 Etemadi contends that the BIA erred by denying her motion to reopen on the grounds that she failed to establish eligibility for suspension of deportation because the BIA failed to consider all the evidence before it. We agree.
 
 
 4
 Etemadi entered the United States in 1985 on a visitor's nonimmigrant "B-2" visa. Etemadi enrolled in college in Oklahoma and did not leave when the visa expired six months later. Etemadi requested permission to extend her stay which the INS denied. The INS later issued Etemadi an order to show cause. At her subsequent deportation hearing, Etemadi conceded deportability but requested asylum and withholding of deportation. The IJ denied relief but granted voluntary departure. Etemadi appealed the IJ's decision to the BIA, where it was denied. Etemadi's petition for this court's review of the BIA's decision was dismissed for lack of jurisdiction because the petition was untimely. While her petition for review was pending, Etemadi met the seven-year requirement of continuous physical presence for suspension of deportation. 8 U.S.C. Sec. 1254(a)(1). After her petition for review was dismissed, Etemadi moved to reopen based on her eligibility for alternative relief. Attached to the motion were supporting exhibits regarding Etemadi's employment and education.
 
 
 5
 Etemadi sought to establish that she met all three statutory requirements for relief under the suspension of deportation provisions. In its decision, the BIA denied the motion to reopen on the ground that Etemadi's motion failed to create a prima facie case of eligibility for suspension. In its view, Etemadi had failed to demonstrate any hardship, nor had she shown good moral character or seven years of residence in the United States.
 
 
 6
 The BIA may deny a motion to reopen to consider suspension of deportation if the petitioner fails to establish a prima facie case for the underlying substantive relief. See INS v. Abudu, 485 U.S. 94, 104 (1988); see also INS v. Doherty, 112 S.Ct. 719, 725 (1992). A motion to reopen must be accompanied by "affidavits or other evidentiary material." 8 C.F.R. Sec. 3.8; Vasquez v. INS, 767 F.2d 598, 601 (9th Cir.1985).
 
 
 7
 To establish prima facie eligibility for suspension of deportation, a petitioner must demonstrate (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to petitioner or [her] spouse, parent, or child who is a citizen or lawful permanent resident. 8 U.S.C. Sec. 1254(a)(1); see Limsico, 951 F.2d at 213. The alien bears the burden of demonstrating both statutory eligibility and that she merits the favorable exercise of discretion. Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986). To determine whether [a petitioner] has established a prima facie case, the BIA must look at the evidence in its entirety. It must accept as true the facts stated in [the supporting] affidavits unless they are inherently unbelievable. Limsico, 951 F.2d at 213. All factors substantiating a claim of extreme hardship must be viewed in conjunction with one another. See Mejia-Carrillo v. INS, 656 F.2d 520, 522-23 (9th Cir.1981) (failure to consider all the factors which bear on extreme hardship is an abuse of the Board's discretion).
 
 
 8
 The BIA erred in finding that Etemadi's motion to reopen failed to establish statutory eligibility for suspension of deportation. While Etemadi's attorney could have filed a better organized, stronger motion to reopen which presented the evidence to the BIA in a more coherent fashion, our review indicates that the record contains many specifics which support Etemadi's eligibility. The BIA's order seemingly confuses two distinct questions: whether Etemadi failed to present specific evidence with whether she failed to convince. If the BIA is simply unconvinced it must explain why the evidence, considered as a whole, does not constitute a prima facie showing of continuous residency, good moral character and extreme hardship. See Limsico, 951 F.2d at 213 ("To determine whether [a petitioner] has established a prima facie case, the Board must look at the evidence in its entirety"); Vasquez, 767 F.2d at 603 ("Our result in this case does not relieve the BIA or the immigration judge of their responsibility to consider all of the evidence before them").
 
 
 9
 Etemadi's application for suspension of deportation documents her growing connection to the United States. Etemadi demonstrates a continuous presence in the United States since her arrival in 1985. Etemadi's parents have since arrived in the United States and have been granted permanent resident status. Etemadi's brother has become a citizen of the United States and one sister also has permanent resident status. Etemadi presented evidence of her exemplary educational record at Central State University in Oklahoma, where she graduated in the top 3% of her class. Etemadi has an extended record of employment and supplied evidence from present and past employers regarding her contributions to their companies. Etemadi has never been arrested. In addition, she submitted affidavits regarding good moral character. Etemadi contends that she, her parents and her siblings will suffer family separation and extreme hardship if she is deported.
 
 
 10
 BIA precedent indicates that an individual's community ties and contributions are among the several factors relevant to an assessment of extreme hardship. Matter of Anderson, 16 I & N Dec. 596 (BIA 1978); see also Cerrillo-Perez, 809 F.2d at 1424; Zavala-Bonilla v. INS, 730 F.2d 562, 568 (9th Cir.1984) (observing that petitioner has "formed friendships and attachments.... [that] are pertinent to the hardship determination, [but which] the BIA has failed to discuss"), disagreed with on other grounds, Bolanos-Hernandez v. INS, 767 F.2d 1277, 1282 nn. 8 & 10 (9th Cir.1984).
 
 
 11
 Because the record indicates that Etemadi presented evidence relevant to the BIA's determination, we conclude that the BIA abused its discretion by not considering it. We therefore remand to the BIA for its full consideration of the specific evidence previously presented as exhibits to Etemadi's motion to reopen, together with any additional supporting evidence which Etemadi shall be allowed to present for the BIA's consideration.
 
 
 12
 PETITION FOR REVIEW GRANTED, CASE REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3