50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrocinio Rosales FISH, aka Patrocinio Jamila Hampac; aka
Patrocinio Jamila Palou, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70741.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1995.*
Decided March 17, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Fish argues that the BIA failed to properly consider all of her favorable evidence when it denied the motion to reconsider. We disagree. It considered all the relevant evidence in her favor, and decided in the exercise of its discretion that it was outweighed by the evidence against her. The INS properly did not consider new evidence on her motion for reconsideration; new evidence might provide a ground to reopen, but not to reconsider. A motion for reconsideration is decided based on the facts before the Board at the time it made its original decision. 8 C.F.R. Sec. 103.5(a)(3); Saldana v. INS, 762 F.2d 824, 826 (9th Cir.1985). The BIA properly weighed Fish's daughter's naturalization against Fish's fraudulent entry. The BIA may, in exercising its discretion, deny relief to an alien who flagrantly violates the country's immigration laws. INS v. Rios-Pineda, 471 U.S. 444, 451 (1985). The BIA may consider flagrant violations, such as Fish's, even if the alien meets the statutory requirements of eligibility. Bagamasbad, 429 U.S. at 25-26. Otherwise, there would be no occasion for the exercise of discretion. It was not an abuse of discretion for the BIA to deny the motion to reconsider. Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994).
 
 
 4
 Fish's claim that the BIA abused its discretion by not following Matter of Garcia, 16 I & N Dec. 653 (1978), is meritless. The BIA may deny a petition where it is apparent that the underlying relief requested would ultimately be denied in an exercise of discretion. See INS v. Abudu, 485 U.S. 99, 104-05 (1988).
 
 
 5
 Fish's second claim is that the BIA should have reopened her case because of her new marriage to Mr. Palou. She is correct that a motion to reopen, unlike a motion for reconsideration, is decided based on new facts presented to the BIA. 8 C.F.R. Secs. 3.2, 3.8, 103.4(a)(2). She has presented new factual material, that this man, over ninety years old, needs her constant attention. The BIA did indeed consider this, but determined in the exercise of its discretion that this, and Fish's other favorable evidence, was outweighed by unfavorable evidence. She mistakenly argues that the BIA took inconsistent positions regarding whether or not she had been married to Sixto Hampac. A careful reading shows that the BIA properly considered appropriate evidence regarding Hampac. Fish obtained her visa by saying that she was married to Hampac and that he supported her. However, she also stated, when useful to her, that she was not married to Hampac and had not seen him for decades. She later married Wallace Fish without divorcing Hampac, and subsequently obtained a Nevada divorce from Hampac. Later, Wallace Fish obtained an annulment. Given the inconsistencies in petitioner's actions and statements, the BIA reasonably concluded that, at some point, she falsified the nature of her relationship with Hampac. Fish's misrepresentations, not her marital status, provided the basis for the BIA's exercise of discretion against her.
 
 
 6
 In considering a motion to reopen "the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." Abudu, 485 U.S. at 104-05; see also Vasquez v. INS, 767 F.2d 598, 601 (1985). That is what the BIA did here. As long as "the BIA has provided a reasoned explanation for the exercise of its discretion to refuse to reopen based upon 'legitimate concerns,' " this court will uphold the decision. Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985). With regard to what would be a "legitimate concern," the Supreme Court found in a similar case seeking a reopening to gain suspension of deportation, "that the Attorney General did not abuse his discretion in denying reopening based on respondents' flagrant violation of the federal law in entering the United States...." Rios-Pineda, 471 U.S. at 451. These principles require that we affirm the BIA's denial of the motion to reopen.
 
 
 7
 Fish claims that the BIA should have been more diligent in its discussion of her favorable evidence. "All that is necessary is a decision that sets out the terms sufficient to enable [this court] as a reviewing court to see that the Board has heard, considered and decided." Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986). The BIA satisfied this requirement and did not abuse its discretion in denying the motion. INS v. Doherty, 112 S.Ct. 719, 725 (1992).
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge, for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3