51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali Salem AL-MARGANI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-70074.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1995.
Decided March 24, 1995.
 
 Before: PREGERSON, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ali Salem Al-Margani, a Libyan citizen, petitions for a review of the Board of Immigration Appeals' ("BIA") ruling affirming the Immigration Judge's ("IJ") denial of his application for adjustment of status under 8 U.S.C. Sec. 1255(a), suspension of deportation under 8 U.S.C. Sec. 1254(a)(1), asylum under 8 U.S.C. Sec. 1158, and withholding of deportation under 8 U.S.C. Sec. 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. We affirm.
 
 I. Adjustment of Status
 
 3
 Although the BIA found that Al-Margani was statutorily eligible for adjustment of status, it refused to exercise its discretion to adjust his status. We review the BIA's decision denying adjustment of status for an abuse of discretion. See Rashtabadi v. INS, 23 F.3d 1562, 1566 (9th Cir.1994); Kim v. Meese, 810 F.2d 1494, 1496-97 (9th Cir.1987). When making a discretionary decision whether to grant an adjustment of status, the BIA is required to weigh all relevant factors and indicate how it arrived at its conclusion. See Rashtabadi, 23 F.3d at 1570.
 
 
 4
 Because the BIA properly weighed all the relevant factors and explained that "the positive factors, including [Al-Margani's] marriage to a United States citizen, his United States citizen children, his education and his college degree and his full time employment are outweighed by the adverse factors of record," the BIA did not abuse its discretion when it denied the adjustment of status. We, therefore, affirm the BIA's decision denying adjustment of status.
 
 II. Suspension of Deportation
 
 5
 Under section 244(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1254(a), to qualify for suspension of deportation, an alien must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of application, (2) good moral character, and (3) "extreme hardship" to himself, or to a spouse, parent, or child who is a citizen or permanent resident of the United States. See Cerrillo-Perez v. INS, 809 F.2d 1419 (9th Cir.1987). The BIA refused to suspend Al-Margani's deportation because it found that "extreme hardship" would not result from the deportation. We review the BIA's decision to deny an application for the suspension of deportation for lack of "extreme hardship" for an abuse of discretion. See Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991). The BIA has the authority to "construe 'extreme hardship' narrowly." INS v. Wang, 450 U.S. 139, 145 (1981). The BIA must, however, " 'state its reasons and show proper consideration of all factors when weighing the equities and denying relief.' " Hassan, 927 F.2d at 467 (quoting Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985)).
 
 
 6
 The BIA did not abuse its discretion when it determined that extreme hardship would not result from Al-Margani's deportation. Substantial evidence shows that Al-Margani has kept in touch with his family in Libya. His relatives are educated and employed. The evidence supports the conclusion that they could help Al-Margani readjust when he returned to Libya. Additionally, contrary to Al-Margani's assertion, the BIA explicitly weighed the reasons why Al-Margani's deportation would not result in extreme hardship. "We have carefully reviewed the record in this case, and have concluded that all of the factors presented, considered in their entirety, do not constitute extreme hardship within the meaning of the act." All that is required "is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986). The BIA's order made clear that it had considered the relevant factors and that, in sum, the balance of equities did not demonstrate extreme hardship.
 
 
 7
 Al-Margani also argued that the BIA abused its discretion when considering the hardship to his citizen wife and daughter. In regard to his citizen wife, Al-Margani did not show that his deportation would cause his wife unusual hardship. "The mere existence of a citizen spouse, without evidence of hardship unique to the petitioner's marriage does not establish extreme hardship." Vasquez v. INS, 767 F.2d 598, 602 (9th Cir.1985). The court considers the fate of citizen children to be an important factor in the determination of extreme hardship. Cerrillo-Perez, 809 F.2d at 1422. However, to establish extreme hardship, the alien must show a more severe impact than the common results of deportation and separation. Hassan, 927 F.2d at 468. The BIA found that while the citizen child would miss her father, the claim did not rise to the level of extreme hardship. "While the claim of emotional hardship was 'relevant and sympathetic ... it is not of such a nature which is unusual or beyond that which would normally be expected.' " Id. The BIA did not abuse its discretion.
 
 III. Asylum
 
 8
 Under section 208(a) of the INA, 8 U.S.C. Sec. 1158(a), the Attorney General "has the discretion to grant asylum to an applicant who is unable to return to his [or her] country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citing 8 U.S.C. Sec. 1101(a)(42)(A)).
 
 
 9
 A well-founded fear of persecution has both subjective and objective components. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). Petitioners must show that they themselves are fearful of returning to their country of origin. They must also show through credible, direct and specific evidence, that their fear is objectively reasonable. Id. We review the BIA's decision denying withholding of deportation and asylum under the substantial evidence standard and will reverse only if the evidence presented to the BIA was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Abedini, 971 F.2d at 191 (citing INS v. Elias-Zacarias, 112 S.Ct. 812, 815, 817 (1992)).
 
 
 10
 The BIA's finding that Al-Margani did not qualify for asylum because he failed to establish a well-founded fear of persecution is supported by substantial evidence. Al-Margani argued that he would face persecution because of his desertion from the army. Without more, punishment for simply avoiding military conscription, however, does not establish persecution. Id. (citing Elias-Zacarias, 112 S.Ct. at 816). Although Libya is an Islamic country, Al-Margani failed to provide specific evidence that he would face persecution for his atheism. Kaveh-Haghigy, 783 F.2d at 1323 (generalized allegations of persecution resulting from nation's political climate not sufficient). Moreover, the Libyan government questioned Al-Margani's family regarding Al-Margani because he had a commitment to serve in the army and had agreed to work for the government in exchange for the subsidization of his education, not because of his political or religious beliefs. Abedini, 971 F.2d at 188 (alien must show persecution is based on one of the five grounds enumerated in the statute). Al-Margani failed to provide sufficient evidence to prove that the Libyan government would know or be concerned about his alleged political beliefs. Id. at 192 (denying asylum where alien did not show that government was aware of alleged beliefs). Therefore, substantial evidence in the record supports the BIA's finding, and we affirm the BIA's decision to reject Al-Margani's petition for asylum.
 
 IV. Withholding of Deportation
 
 11
 Because Al-Margani failed to provide evidence that demonstrated the requisite fear of persecution required for asylum, it follows that he cannot meet the more stringent standard for withholding of deportation. DeValle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 12
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3