51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Isabel SOMARRIBA-SOTO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70271.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Isabel Somarriba-Soto, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen deportation proceedings so that she could apply for suspension of deportation under section 244(a) of the Immigration and Nationality Act, ("INA"), 8 U.S.C. Sec. 1255(a). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Somarriba-Soto contends that the BIA abused its discretion by denying her motion to reopen because she established that she would suffer extreme hardship if deported. This contention lacks merit.
 
 
 4
 We review the BIA's decision to deny a motion to reopen for abuse of discretion. INS v. Rios-Pineda, 471 U.S. 444, 451 (1985) (per curiam); Vasquez v. INS, 767 F.2d 598, 600 (9th Cir.1985). "The BIA's denial of a motion to reopen will be upheld unless it is arbitrary, irrational, or contrary to law." Awhazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985). A motion to reopen deportation proceedings may be granted in order to consider whether suspension of deportation is warranted. See INS v. Abudu, 485 U.S. 94, 104 (1988); Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994). The motion may be denied, however, if the petitioner fails to establish a prima facie case for suspension of deportation. See Abudu, 485 U.S. at 104; Delmundo, 43 F.3d at 439.
 
 
 5
 To establish a prima facie case for suspension of deportation under section 244(a), an alien must satisfy three threshold requirements: (1) continuous physical presence in the United States for not less than seven years; (2) good moral character; and (3) extreme hardship to the alien, or to the alien's United States citizen or lawful permanent resident spouse, parent, or child, if the alien is deported. 8 U.S.C. Sec. 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). The alien bears the burden of demonstrating eligibility for relief under section 244(a). Bu Roe, 771 F.2d at 1333.
 
 
 6
 Section 244(a)(1) commits the definition of extreme hardship to the BIA, and thus the BIA may construe extreme hardship narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981); Bu Roe, 771 F.2d at 1333. "Although economic detriment, without more, does not amount to extreme hardship, the personal hardships that flow from the economic detriment may be a relevant factor for the BIA to consider in determining extreme hardship." Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983). To trigger the BIA's consideration of the personal hardships, however, the alien must demonstrate severe economic detriment. Id. at 1211-12; see Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 7
 Here, the BIA found that Somarriba-Soto had not demonstrated "extreme hardship" and thus had not established a prima facie case for suspension of deportation.[1] In reaching this conclusion, the BIA considered the fact that most of Somarriba-Soto's family, including her mother, resided in Nicaragua. The BIA also considered Somarriba-Soto's eight years of residency in the United States, the fact that she is twenty-seven years old, in good health, and has an employment history. Additionally, the BIA took into account Somarriba-Soto's evidence that Nicaragua is suffering from high levels of unemployment and has inferior quality of health care to that of the United States.
 
 
 8
 The BIA concluded that Somarriba-Soto would not suffer extreme hardship if she were deported because she was young, in good health, had extensive family ties in Nicaragua, and employment experience that would aid her in obtaining employment in Nicaragua. The BIA also concluded that based on Somarriba-Soto's evidence and testimony, her son suffered no serious medical conditions that would require treatment in the United States.
 
 
 9
 Somarriba-Soto nevertheless contends that the BIA abused its discretion because it failed to consider the hardship that her five year old son would suffer as a result to relocating to Nicaragua without being able to speak the native language. Somarriba-Soto failed to adequately raise this issue before the BIA, mentioning it only in passing in her brief on appeal. Moreover, the BIA's opinion, while not specifically mentioning her son's inability to speak Spanish, considers hardship to Somarriba-Soto's son as a relevant factor. The BIA concludes that given that her son would remain with her, Somarriba-Soto had failed to provide sufficient evidence to indicate that her son would suffer "extreme" hardship as a result of being deported to Somarriba-Soto's native country.
 
 
 10
 Given that Somarriba-Soto bore the burden of demonstrating eligibility for section 244(a) relief, see Bue Roe, 771 F.2d at 1333, we cannot say that the BIA's conclusion that Somarriba-Soto failed to demonstrate "extreme hardship" was arbitrary, irrational, or contrary to law, see Awhazi, 751 F.2d at 1122.[2] Accordingly, the BIA did not abuse its discretion by denying Somarriba-Soto's motion to reopen. See Rios-Pineda, 471 U.S. at 451; Vasquez v. INS, 767 F.2d at 600.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Somarriba-Soto's contention that the BIA improperly exercised its discretion by denying her motion to reopen before considering whether she established a prima facie case for eligibility
 
 
 [2]
 Contrary to Somarriba-Soto's contention, we find no indication that the BIA improperly penalized her for appealing the Immigration Judge's denial of her application of asylum and withholding of deportation