54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ishmael Martins ADEBISI, aka Martin Adebisi, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70272.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ishmael Martins Adebisi, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings. Adebisi sought to present evidence in support of his application for suspension of deportation under section 244(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1255(a). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's decision to deny a motion to reopen for abuse of discretion. INS v. Rios-Pineda, 471 U.S. 444, 451 (1985) (per curiam); Vasquez v. INS, 767 F.2d 598, 600 (9th Cir. 1985).
 
 
 4
 To establish a prima facie case for suspension of deportation under section 244(a), an alien must satisfy three threshold requirements: (1) continuous physical presence in the United States for not less than seven years; (2) good moral character; and (3) extreme hardship to the alien, or to the alien's United States citizen or lawful permanent resident spouse, parent, or child, if the alien is deported. 8 U.S.C. Sec. 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir. 1985). The alien bears the burden of demonstrating eligibility for relief under section 244(a). Id.
 
 
 5
 Adebisi contends that the BIA did not consider whether his United States citizen son would suffer "extreme hardship" because the child would be deprived of Adebisi's financial support and regular contact. This contention lacks merit.
 
 
 6
 In reaching the conclusion that Adebisi's son would not suffer extreme hardship, the BIA considered Adebisi's affidavit and the documents he submitted in support of his motion. The BIA concluded that "[e]ven assuming that [Adebisi] and the documents he submitted in support of his motion are credible, we find that [Adebisi] has not demonstrated that the proffered evidence would likely change the result in this case."
 
 
 7
 The BIA found that the documents demonstrated that Adebisi's "[financial] support has not been regular and has not changed his son's or his son's mother's dependency on welfare and food stamps." Furthermore, the BIA noted that Adebisi did not allege that he would not be able to provide financial support to his son from Nigeria. With respect with Adebisi's contact with his son, the BIA found that Adebisi was not maintaining regular contact with his son. Adebisi who resides in California, concedes that his son lives in Washington, D.C. The documents demonstrated that within a seven-month period Adebisi made five telephone calls to his son. Moreover, Adebisi's affidavit and the supporting documents demonstrate that while he had planned to visit his son, Adebisi made no such trips.
 
 
 8
 Given that Adebisi had the burden of demonstrating eligibility for section 244(a) relief, see Bue Roe, 771 F.2d at 1333, we cannot say that the BIA's conclusion that Adebisi failed to demonstrate "extreme hardship" was arbitrary, irrational, or contrary to law, see Awhazi v. INS, 751 F.2d 1120, 1122 (9th Cir. 1985). Accordingly, we cannot say that the BIA abused its discretion by denying Adebisi's motion to reopen the deportation proceedings. See Rios-Pineda, 471 U.S. at 451; Vasquez, 767 F.2d at 600.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3