108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marco Antonio SANTIZO-HERNANDEZ; Hilda Dias De Santizo, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70922.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided Feb. 13, 1997.
 
 Petition for Review of an Order of the Board of Immigration Appeals, Nos. Axk-bwc-ijy, Ayo-ouv-ezx.
 B.I.A.
 REVIEW DENIED.
 Before: GOODWIN, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marco Antonio Santizo-Hernandez and his wife Hilda Diaz de Santizo ("Petitioners"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals ("BIA") order dismissing their appeal from an order denying suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). Petitioners argue that the BIA erred in concluding that they had not demonstrated that deportation would result in extreme hardship. We reject Petitioners' arguments, and accordingly we deny review.
 
 
 3
 Petitioners argue that the BIA (1) failed to give adequate consideration to the personal and emotional hardships which result from deportation, and (2) failed to review the economic and political situation in Mexico.
 
 
 4
 The BIA's opinion considered the relevant factors of extreme hardship in the record, and further considered these factors in the aggregate. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 Personal and emotional hardships
 
 5
 The Board noted that the Petitioners' family ties are primarily in Mexico, and that Petitioners had not represented that they will be separated from their children. The Board determined that hardship to Petitioners' children cannot be considered because they are not lawful permanent residents or United States citizens. The Board also considered Petitioners' community ties, but concluded that these ties do not make it an extreme hardship to return to Mexico. We find no abuse of discretion in these determinations. See Vasquez v. INS, 767 F.2d 598, 602 (9th Cir.1983).
 
 Economic and political hardships
 
 6
 The Board stated that Petitioners would no doubt be unable to earn as much money as they can in the United States, but economic hardship does not demonstrate extreme hardship. The Immigration Judge noted that the Petitioners were originally from Chiapas, which is currently an area of political strife. But, as the Immigration Judge noted, there is nothing which requires the Petitioners to return to Chiapas. The Board did not abuse its discretion by omitting further consideration of the political situation in Chiapas. The Board's consideration of the several economic factors and hardships assures us that Petitioners' case received individualized review. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995).
 
 
 7
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3