52 F.3d 333
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Stuart McNEUR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70651.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided April 19, 1995.
 
 1
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 John Stuart McNeur, a native and citizen of Australia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings for consideration of applications for suspension of deportation under Section 244(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1254(a)(2), and adjustment of status under INA Section 245, 8 U.S.C. Sec. 1255.
 
 
 4
 Petitioner McNeur entered the United States in 1974 with a false New Zealand passport and tourist visa. He was originally adjudged deportable in 1977; however, because of his marriage to then wife Kathi Dawn McNeur, his first motion to reopen deportation proceedings was granted. In moving to reopen, McNeur represented that a 1977 conviction for passing bad checks was his only criminal conviction. The subsequent proceedings revealed that McNeur had lied about his identity and that he had been convicted of disorderly conduct in Ohio in 1970, drunk driving in California in 1975, and possession of LSD in Australia in 1971. Petitioner was then charged with making false or fictitious or fraudulent statements to the INS in violation of 18 U.S.C. Sec. 1001. He pled guilty to the charge and received a two-year suspended prison sentence, five years probation and a $5,000 fine.
 
 
 5
 Deportation proceedings conducted pursuant to the first reopening resulted in a denial of the requested relief and a deportation order. At that time, petitioner and his first wife had divorced, and petitioner had remarried Karylynne Crapa McNeur. Based on the new marriage, petitioner again attempted to reopen his deportation proceedings in order to receive consideration of applications for adjustment of status, pursuant to INA Section 245, 8 U.S.C. Sec. 1255, and suspension of deportation pursuant to Section 244(a)(2), 8 U.S.C. Sec. 1254(a)(1).
 
 
 6
 In the second motion to reopen, petitioner emphasized his relationship with his United States citizen step-son and wife, his contribution to their financial stability, and his reputation in the community and in his business. He claims that he has rehabilitated and reformed himself of his past irresponsible behavior.
 
 
 7
 The BIA denied the second motion to reopen in the exercise of its discretion, and petitioner appeals the denial to this Court.
 
 
 8
 The BIA has discretion to deny a motion to reopen deportation proceedings. Vasquez v. I.N.S., 767 F.2d 598, 600, 601 (9th Cir.1985). The Supreme Court has indicated that this discretion is broad. See INS v. Abudu, 485 U.S. 94, 108 (1988); INS v. Rios-Pineda, 471 U.S. 444, 449 (1984). Moreover, the Supreme Court has explained that motions to reopen are "especially disfavored because, "as a general matter, every delay works to the advantage of the deportable alien who merely wishes to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992). This Court reviews the BIA's denial of motions to reopen for abuse of discretion. Id. The Court's scope of review for discretionary acts by the BIA is limited, and the BIA's decision not to reopen "will be upheld unless it is arbitrary, irrational, or contrary to law." Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985).
 
 
 9
 Petitioner seeks to reopen his deportation proceedings in order that he may petition for adjustment of status and suspension of deportation. He argues that the BIA abused its discretion in failing to consider his statutory eligibility for these two forms of underlying relief and in failing to consider adequately the positive factors in his application.
 
 
 10
 The Supreme Court has stated that there are at least three independent grounds on which the BIA might deny a motion to reopen: (1) failure to establish a prima facie case for the underlying relief sought, (2) failure to introduce previously unavailable, material evidence, and (3) a determination that, where the underlying relief is discretionary, the moving party has failed to show that relief is warranted in the exercise of the BIA's discretion. INS v. Abudu, 485 U.S. 94 (1988). Under the third option, the BIA has discretion to deny a motion to reopen without considering whether the movant can make a prima facie case of eligibility for the underlying relief sought. Vasquez, 767 F.2d at 600, 601.
 
 
 11
 Adjustment of status and suspension of deportation are both discretionary forms of relief. Even if the BIA determines that all of the statutory requirements for either form of relief are met, it may still, in its discretion, deny relief. Rios-Pineda, 471 U.S. at 446; INS v. Bagamasbad, 429 U.S. 24 (1976). Thus, the BIA may refuse to reopen to consider either adjustment of status or suspension of deportation because it determines that it would deny the underlying relief in the exercise of its discretion. Vasquez, 767 F.2d at 600, 601. Accordingly, we conclude that the BIA was not required to consider petitioner's prima facie eligibility for the underlying relief and was privileged to deny the motion in an exercise of its discretion. This does not, however, end the inquiry on review.
 
 
 12
 While the BIA has discretion to deny a motion to reopen, this discretion is not entirely unchecked, and "BIA denials must show that the BIA weighed both favorable and unfavorable factors." Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985). The BIA is required to "state its reasons and show proper consideration of all factors when weighing equities and denying relief." Id. Furthermore, the BIA is not assumed to have "considered factors that it failed to mention in its decision." Casem v. INS, 8 F.3d 700, 7024 (9th Cir.1993).
 
 
 13
 In denying McNeur's motion to reopen, the BIA enumerated the negative factors upon which it based its decision and then weighed the favorable factors, stating:
 
 
 14
 In reaching our decision, we have considered the respondent's lengthy residence, and close family ties to the United States through his 1985 marriage to a United States citizen. We further acknowledge that respondent appears to have a steady history of employment and favorable recommendations from other members of the community. However, although the respondent has presented evidence of the bona fides of his marriage, the fact remains that he married a number of years after deportation proceedings were initiated, and therefore was aware of the risk of separation from whatever family and community ties he might develop. Accordingly, we do not find the respondent's equities in this country to override the extensive history of criminal and immigration violations presented, as well as his delay in filing his motion to reopen.
 
 
 15
 (AR 007).
 
 
 16
 This Court recently decided a case in which the BIA's treatment of a petitioner's positive factors was similar to the treatment in this case. Delmundo v. INS, 43 F.3d 436 (9th Cir.1994). In Delmundo, the BIA denied the petitioner's motion to reopen, and she challenged the decision, alleging, among other things, that, in disposing of the factors weighing in her favor in a brief paragraph, the BIA failed to consider these factors. Id. at 442. The Delmundo Court held that such a brief dismissal of petitioner's good moral character, ties to the community, and lack of criminal record was sufficient, stating:
 
 
 17
 As to [petitioner's] contention that the BIA failed to consider her good moral character, the BIA clearly stated that it considered [her] steady employment history and lack of any criminal record as well as the letters from family and persons in the community in support of her application. This treatment of facts relating to [petitioner's] good moral character, albeit somewhat cursory, nevertheless indicates the BIA did consider them. Therefore, [petitioner's] contention that the BIA failed to consider her good moral character is without merit.
 
 
 18
 Id. Thus, it is clear that the BIA in this case properly weighed McNeur's evidence of good moral character and ties to the community.
 
 
 19
 The Delmundo Court, however, reversed the decision of the BIA based on the Board's cursory treatment of Delmundo's family ties, making clear that the BIA's evaluation of hardship to the petitioner's family receives a heightened scrutiny. Id. at 442-43. In Delmundo and the cases cited on this issue in Delmundo, the family situations involved young children who were the natural offspring of the petitioner. Id. at 443. Under these circumstances, the Court held that the BIA "must 'appraise carefully the effect deportation would have on an alien's children who are United States citizens.' " Id.
 
 
 20
 In the case at bar, however, the BIA noted that McNeur is the step-father of a twenty-one year old young man who is away at college. Moreover, the BIA discounted the family hardship because McNeur's relationship with this family began long after deportation proceedings were instituted and, indeed, after McNeur had been adjudged deportable. Thus, we conclude that even under the heightened requirements for assessing family hardship, the BIA properly weighed the positive factors and was within its discretion in denying petitioner's motion to reopen.
 
 
 21
 Accordingly, we AFFIRM the decision of the BIA. Petition for Review is denied.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3