NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN PEREZ DIAZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-293 <br><br> Agency No. <br> A213-088-688 <br><br> MEMORANDUM* |
| ESTEBAN PEREZ DIAZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3199 <br><br> Agency No. <br> A213-088-688 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 22, 2025
Pasadena, California

Before: BERZON, HIGGINSON, and SUNG, Circuit Judges.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Perez-Diaz petitions for review of the Board of Immigration Appeals ("BIA" or "Board")'s determinations that (1) the immigration court had jurisdiction despite Perez-Diaz's piecemeal notice, (2) there was no egregious Fourth Amendment violation requiring suppression of the I-213 form, (3) Perez-Diaz was not entitled to cross-examine the officer who prepared the I-213, and (4) Perez-Diaz did not in his motion to reopen make a prima facie case of eligibility for cancellation of removal. We deny the petitions.

1. The Board correctly determined that Perez-Diaz's piecemeal notices to appear did not affect the immigration court's subject matter jurisdiction. "[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc); *see also Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

2. The Board correctly concluded that the Customs and Border Protection ("CBP") officer's initial questioning of Perez-Diaz did not constitute an egregious Fourth Amendment violation requiring suppression of the I-213 form. In removal proceedings, the exclusionary rule applies when "the Fourth Amendment violation is egregious." *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033-34 (9th Cir. 2011). Whether a Fourth Amendment violation is "egregious" depends on whether it is

"deliberate" or contravenes "clearly established" Fourth Amendment doctrine "in the particular context at issue." *Id.* at 1034 (citation omitted).

There is no evidence to suggest that the alleged Fourth Amendment violation here was deliberate. Further, it was not clearly established that the Customs and Border Protection ("CBP") officer's initial questioning of Perez-Diaz constituted a seizure under the Fourth Amendment. "A seizure does not occur until a reasonable person would believe that he or she is not free to leave or would not feel free to decline the officers' requests or otherwise terminate the encounter." *Id.* (citation modified).

The CBP officer pulled up behind Perez-Diaz, approached him with a visible firearm,[1] and did not inform him that he was not required to answer any questions. The pertinent case law establishes that those factors alone are insufficient to cause a reasonable person to think he could not terminate the encounter. *See United States v. Washington*, 490 F.3d 765, 768-70 (9th Cir. 2007) (holding that there was not a seizure under similar circumstances). Therefore, Perez-Diaz has not shown an egregious Fourth Amendment violation that required suppression of the I-213 form.

3. Perez-Diaz was not entitled to cross-examine the officer who prepared the I-213 form. "Where the applicant 'has offered no evidence to show that the [I-213]

---

[1] Perez-Diaz's declaration states only that the CBP officer was "armed." The record reveals no further details including whether the officer was holding or pointing the firearm.

form contains material errors,' there is no right to demand cross-examination." *Hernandez v. Garland*, 52 F.4th 757, 767 (9th Cir. 2022) (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)). Because Perez-Diaz provided no evidence to suggest the I-213 form contained material errors, he was not entitled to cross-examine the preparing officer.

4. The BIA correctly determined that Perez-Diaz had not in his motion to reopen established a prima facie case of eligibility for cancellation of removal. "A motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). To establish prima facie eligibility for cancellation of removal, one must provide new evidence demonstrating "a 'reasonable likelihood' that he is eligible for the requested relief." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1178 (9th Cir. 2023). The BIA applied the correct reasonable likelihood standard in determining that Perez-Diaz had not made a prima facie showing of eligibility for cancellation of removal.

To be eligible for cancellation of removal, one must show, among other things, that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Because Perez-Diaz presented no evidence related to the hardship his stepchildren would face

4

upon his removal, he did not establish prima facie eligibility for cancellation of removal. *See Vasquez v. INS*, 767 F.2d 598, 602 (9th Cir. 1985).

In reaching this conclusion, the BIA did not engage in improper factfinding. Determining whether the evidence presented on a motion to reopen establishes a prima facie case of eligibility for the relief sought does not constitute impermissible factfinding. *See Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021).

**PETITIONS DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. Perez-Diaz's motions for stay of removal are otherwise denied.